(81 App. Div. 423.)

### PICKERT v. EATON et al.

(Supreme Court, Appellate Division, Fourth Department. March 24, 1903.)

1. RECEIVERS—VESTING OF TITLE.
    Code Civ. Proc. § 2468, provides that the property of the judgment debtor is vested in a receiver, who has duly qualified, from the time of filing the order appointing him. *Held* that, where a receiver was entitled to a mortgage belonging to the judgment debtor, the fact that the mortgagor claimed it was paid, by virtue of which claim a long litigation followed before the receiver was able to obtain his judgment in foreclosure, did not postpone the inception of his title to the decision or judgment, as the origin of his title was the order appointing him.

2. BANKRUPTS—DISCHARGE—EFFECT.
    The federal bankruptcy act of 1898, § 67, subd. d [U. S. Comp. St. 1901, p. 3449], exempts from the provisions of the act liens "given or accepted in good faith," and further provides, in subdivision f [U. S. Comp. St. 1901, p. 3450], that "all levies, judgments, attachments or other liens obtained through legal proceedings" against any insolvent "at any time within four months prior to the filing of the petition in bankruptcy against him, shall be null and void." *Held* that, where a receiver for a judgment debtor was appointed more than four months prior to the filing of a petition in bankruptcy against a judgment debtor, the latter's discharge in bankruptcy did not impair any rights or liens which the receiver had acquired.

3. SAME—CANCELING JUDGMENT OF RECORD—SCOPE OF ACT.
    Code Civ. Proc. § 1268, providing that "at any time after two years have elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, for an order directing the judgment to be canceled and discharged of record," was not intended to enlarge the scope of the federal bankruptcy act by rendering null and void a lien which had been acquired in good faith more than four months prior to the commencement of the bankruptcy proceedings.

Appeal from special term, Herkimer county.

Action by Joel Pickert against Arnold L. Eaton and Fred W. Eaton. From that part of an order which, while discharging a judgment of record, retains it in full force for the benefit of the receiver of the plaintiff as to personal property acquired by him, Arnold L. Eaton appeals. Modified.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and HISCOCK, JJ.

Myron G. Bonner, for appellant.

Charles J. Palmer, for respondent.

SPRING, J.   On the 16th day of June, 1898, the plaintiff recovered a judgment in the supreme court against the appellant on a promissory note for $1,045.92.   In proceedings supplementary to execution founded on this judgment, a receiver was appointed of the property of the judgment debtor, who claimed title to a real estate mortgage given by the defendant Fred W. Eaton to the appellant.   In December, 1899, the receiver commenced a foreclosure of this mortgage by action, and separate answers were interposed by the present defendants alleging payment of said mortgage as an affirmative defense.   The action was tried at Special Term, resulting in a decision on the merits in favor of the receiver and establishing the mortgage as unpaid.   The decision was made December 19, 1900, but the judgment was not entered until July 1, 1902.   The appellant, on the 4th of June, 1900, filed a petition in bankruptcy, and was discharged from his debts October 18, 1901.   More than a year thereafter he made application for an order directing the cancellation and discharge of record of the judgment recovered by the plaintiff in June, 1898.   The authority for the motion is found in section 1268 of the Code of Civil Procedure, and the order was granted, except that it exempted from its operation the title of the receiver to any property of the bankrupt, with a view to preserve his rights in the mortgage and judgment of foreclosure, and it is of that part of the order of which the appellant complains.

The effect of the order appointing the receiver was to vest in him the property of the judgment debtor "from the time of the filing of the order appointing him."   Code Civ. Proc. § 2468.   The mortgage, therefore, was vested in him absolutely.   The fact that the defendants claimed it was paid, and by virtue of which claim a long litigation followed before the receiver was able to obtain his judgment in foreclosure, does not postpone the inception of his title to the decision or judgment.   The delay was incidental to his remedy to procure a judgment and a sale of the mortgaged property.   But the origin of his title was the order appointing the receiver.   It is like the lien in equity, which attaches immediately upon the commencement of a creditor's action to reach a debtor's assets.   Metcalf v. Baker (Dec. 1, 1902) 9 Am. Bankr. R. 36, 23 Sup. Ct. 67, 47 L. Ed. ——; First Nat. Bank v. Schuler, 153 N. Y. 163, 171, 47 N. E. 262, 60 Am. St. Rep. 601.   It may take years before the action terminates in judgment, but the inception of the lien is the commencement of the action, and, if it is confirmed by judgment, the original lien continues unaffected by the remedies to which the creditor may be compelled to resort to secure the benefits of his lien.

Section 67 of the national bankruptcy law of 1898, subd. d, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], exempts from the provisions of the law liens "given or accepted in good faith."   It further provides (subdivision f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]):

And "all levies, judgments, attachments or other liens obtained through legal proceedings" against any insolvent "at any time within four months prior to the filing of the petition in bankruptcy against him, shall be deemed null and void," and the property affected by the lien passes "to the trustee as a part of the estate of the bankrupt." The effect of these provisions is, therefore, not to interfere with any lien or title honestly acquired and antedating the four months preceding the filing of the petition. A trustee in bankruptcy is not a purchaser for value, and takes the property of the bankrupt subject to any liens which may exist upon it, except as the act itself, in certain cases—as in the one quoted—prescribes a different rule. Collier on Bankruptcy, page 423 (3d Ed.); Yeatman v. Savings Inst., 95 U. S. 764, 24 L. Ed. 589. The title of the receiver therefore became fixed and indefeasible to the mortgage before the four months, and was consequently not impaired by the bankruptcy proceedings resulting in the discharge of the judgment debtor from his debts. That discharge relieved the bankrupt from any personal liability which existed against him for the payment of the judgment recovered by the plaintiff. It did not hinder the receiver from availing himself of any security he possessed, although subsidiary and collateral to the judgment.

Section 1268 of the Code of Civil Procedure was adopted for the purpose of enabling the judgment debtor, who had been adjudged a bankrupt, to secure the cancellation on the docket of any judgment appearing on record against him. The effect of the entry of the order was not to discharge the judgment, for that had already been accomplished by the final order in the bankruptcy proceedings. It is necessary, as a preliminary step, and as the foundation of the order, to show the bankrupt has been discharged from his debts at least one year before the application for the cancellation of the record. It was not intended by this provision, relating solely to the clearing up of the record, to enlarge the scope of the national bankruptcy law by rendering null and void a lien which had been acquired in good faith more than four months prior to the commencement of the proceedings by the bankrupt for his discharge, although the basis for the lien originally was the judgment. The discharge in bankruptcy not interfering with the lien or title of the receiver, the cancellation of the record of the judgment, even if made unqualifiedly in form, would probably not have the effect to impair the title of the receiver. The counsel for the bankrupt judgment debtor, however, having urged that the language of the Code be strictly followed, apparently for the purpose of assailing the title of the receiver, the justice sitting in Special Term, as a precaution and to indicate clearly his construction of the effect of the formal discharge of the record, added the clause to which objection is urged. We are not inclined to eliminate the principle represented by this part of the order, for it coincides with our own interpretation of the provision. The phraseology used, however, may create confusion, and the part of the order appealed from should be stricken out, and in lieu thereof the following inserted: "But such cancellation of record is not to impair any rights or lien which the receiver may have acquired in the property of said judg-

ment debtor." As so modified, the order should be affirmed, with $10 costs and disbursements of this appeal.

Order modified, and, as so modified, affirmed, with $10 costs and disbursements of this appeal to the respondent.

Order modified by striking out the part appealed from, and substituting in lieu thereof the following: "But such cancellation of record is not to impair any rights or liens which the receiver may have acquired in the property of said judgment debtor," and, as so modified, affirmed, with $10 costs and disbursements. All concur.