## WYCKOFF v. WILLIAMS.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. JUDGMENT (§ 883*)—SET-OFF OF JUDGMENTS.
   An action on a judgment is on a contract, and a judgment held by defendant may be interposed as a counterclaim.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669-1688; Dec. Dig. § 883.*]

2. JUDGMENT (§ 883*)—SET-OFF OF JUDGMENTS.
   Code Civ. Proc. § 502, provides that "if the action is founded on a contract which has been assigned, * * * a demand existing against the party * * * at the time of the assignment and belonging to defendant in good faith before notice of the assignment must be allowed as a counterclaim to the amount of plaintiff's demand, if it might have been so allowed against the party * * * while the contract belonged to him." *Held* that, in an action on a judgment by an assignee, a judgment against the assignor by a third person existing before the assignment to plaintiff may be set off against plaintiff's judgment, where defendant received an assignment from such third person in good faith without knowing of the assignment to plaintiff of the judgment sued on.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669-1688; Dec. Dig. § 883.*]

3. BANKRUPTCY (§ 418*)—PLEADING DISCHARGE AFTER ACTION BROUGHT—DISCRETION OF COURT.
   The right to plead discharge in bankruptcy after the commencement of an action is within the discretion of the court, and may be refused where injustice would result in permitting it.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 418.*]

4. BANKRUPTCY (§ 433*)—EFFECT OF DISCHARGE.
   A discharge in bankruptcy does not impair the liens or rights which a creditor has prior to such discharge acquired against the property of the bankrupt or against third persons.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 433.*]

5. BANKRUPTCY (§ 418*)—EFFECT ON COUNTERCLAIM OF DISCHARGE AFTER ACTION BROUGHT.
   Where defendant, in an action on a judgment, had the right when the action was brought to set off against plaintiff's judgment his judgment against plaintiff, such right is not affected by plaintiff's subsequent discharge in bankruptcy.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 418.*]

6. BANKRUPTCY (§ 154*)—SET-OFF AGAINST BANKRUPT AFTER DISCHARGE—EQUITABLE JURISDICTION.
   A court of equity will compel the assignee of a bankrupt to allow as a set-off a claim against the bankrupt, where injustice would otherwise result, though an action at law could not then be maintained.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 154.*]

Appeal from Special Term, New York County.

Action by Alice R. Wyckoff against Charles H. Williams. Defendant had judgment, and plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Edgar A. Turrell, for appellant.

James D. Williams, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.McLAUGHLIN, J.   There is little or no dispute between the parties as to the material facts involved in the subject-matter of this litigation.   It appears that on the 19th of August, 1886, Jacob F. Wyckoff recovered a judgment against the defendant in the Court of Common Pleas of the City of New York for $2,425.22, no part of which has been paid, and that in October, 1903, he assigned the judgment to his daughter, the plaintiff, who, on the 25th of August, 1906, brought this action to recover thereon.   The defendant pleaded as a separate defense and counterclaim a judgment for $2,550.05 recovered on the 3d of October, 1887, in the Superior Court of the City of New York by one Mackellar against Jacob F. Wyckoff, which was, on the 8th of January, 1904, assigned to the defendant, who, at the time of the assignment, had no knowledge that the judgment recovered by Wyckoff against him had been assigned to the plaintiff.   More than a year after the commencement of this action Jacob F. Wyckoff filed a voluntary petition in bankruptcy.   In the bankruptcy proceeding the Mackellar judgment (which then belonged to the defendant) was duly scheduled among his liabilities, and in October, 1908, he was discharged.   In the meantime the defendant had taken judgment in this action against the plaintiff by default, which was thereafter opened, but the issues had not been tried.   After Wyckoff had been discharged in the bankruptcy proceeding, the plaintiff served what is designated as an "amended supplemental" reply, setting forth the discharge in bankruptcy as a defense to the counterclaim on the Mackellar judgment.   At the conclusion of the trial the court held that this judgment was a valid counterclaim to the extent of plaintiff's claim, and directed that it be set off accordingly.   Judgment was thereupon entered, directing the plaintiff to satisfy of record her judgment against the defendant, and the defendant to satisfy of record his judgment against Jacob F. Wyckoff to an equal amount.   Plaintiff appeals.

An action upon a judgment is an action upon contract, and in such an action a judgment may be interposed as a counterclaim.   Knight v. Rothschild, 132 App. Div. 274, 117 N. Y. Supp. 26.   The Mackellar judgment, at the time this action was commenced, was undoubtedly a valid counterclaim to the extent of the plaintiff's claim.   This follows from the provisions of section 502 of the Code of Civil Procedure, which provides that:

"If the action is founded upon a contract which has been assigned by the party thereto, * * * a demand existing against the party thereto * * * at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim to the amount of plaintiff's demand, if it might have been so allowed against the party * * * while the contract belonged to him."

The Mackellar judgment was an existing claim against Wyckoff at the time he assigned his judgment to the plaintiff, which might then have been allowed as a counterclaim against him.   It is true it was not assigned to the defendant until after Wycoff's assignment; but it was assigned and belonged to the defendant in good faith before notice of the Wyckoff assignment, and that is all that is necessary.   Bien v. Freund, 26 App. Div. 202, 49 N. Y. Supp. 971; Faulknor v. Swart, 55 Hun, 261, 8 N. Y. Supp. 239.

The sole question, therefore, presented for determination, is the effect of Wyckoff's discharge in bankruptcy, so far as the Mackellar judgment is concerned.  The right to plead a discharge in bankruptcy after the commencement of an action by a supplemental pleading rests within the discretion of the court to which application is made therefor, and may be refused where injustice would result in permitting it. Holyoke v. Adams, 59 N. Y. 233; Latimer v. McKinnon, 72 App. Div. 290, 76 N. Y. Supp. 40; King v. Block Amusement Co., 126 App. Div. 48, 111 N. Y. Supp. 102, affirmed 193 N. Y. 608, 86 N. E. 1126.  The Mackellar judgment was sufficient to defeat the plaintiff's claim, and if the action had been tried before Wyckoff had been discharged in bankruptcy it seems reasonably clear the plaintiff could have recovered nothing.  The action would have been tried before that time, except for the delay occasioned by the plaintiff and if all of the facts had been presented to the court, when application was made for permission to serve a supplemental reply, it is quite probable the same would have been denied.  However this may be, it seems to me clear that the discharge in bankruptcy did not destroy or in any way impair the defendant's right to counterclaim the Mackellar judgment against the plaintiff.

Under the section of the Code of Civil Procedure referred to the defendant's right to set off this judgment, and so defeat the plaintiff's claim, became fixed at the time the action was commenced; and to the same effect is section 41 of the personal property law (Laws 1909, c. 45 [Consol. Laws, c. 41]).  It has many times been held that a discharge in bankruptcy does not impair the liens or rights which a creditor has, prior to such discharge, acquired against the property of the bankrupt or against third persons.  Storm v. Waddell, 2 Sandf. Ch. 494; Pickert v. Eaton, 81 App. Div. 423, 81 N. Y. Supp. 50; Wahlheimer v. Truslow, 106 App. Div. 73, 94 N. Y. Supp. 137; King v. Block Amusement Co., 126 App. Div. 48, 111 N. Y. Supp. 102, affirmed 193 N. Y. 608, 86 N. E. 1126; McCombs v. Allen, 82 N. Y. 114; Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122.

In King v. Block Amusement Co., supra, the plaintiff had attached property of the defendant within four months of the filing of a petition in bankruptcy, which thereafter resulted in the defendant's discharge.  Any lien upon the property attached was, therefore, destroyed by the filing of the petition, and it was conceded that the plaintiff's cause of action was defeated by the discharge in bankruptcy.  The property attached had, however, been released from the attachment by the giving of an undertaking, and the court, having previously denied the defendant leave to plead the discharge (125 App. Div. 922, 109 N. Y. Supp. 1151), refused to vacate the warrant, holding that the plaintiff might still recover a formal judgment and enforce the liability of the sureties upon the undertaking.

If Wyckoff had been discharged in bankruptcy before this action was commenced, or before the defendant had pleaded the Mackellar judgment as a counterclaim, a different question would be presented; but, as we have already seen, the bankruptcy proceeding was not com-

menced until more than a year after the defendant had asserted his right to use that judgment in extinguishment of the Wyckoff judgment. Under such circumstances, it seems to me clear that Wyckoff's discharge, after the action might have been tried, while it prevented the defendant from thereafter enforcing the judgment against him personally, did not affect the defendant's right to use it to defeat the claim made by the plaintiff in this action. Harwell v. Steel, 17 Ala. 372. The defendant had also the right to resort to the Mackellar judgment for the purpose of preventing a recovery on the Wyckoff judgment, under the doctrine of equitable set-off of mutual debts. A court of equity will compel the assignee of an insolvent to allow as an offset a claim against the insolvent, where injustice would otherwise result, even though an action at law could not then be maintained. Matter of Hatch, 155 N. Y. 401, 50 N. E. 49, 40 L. R. A. 664. At the time this action was commenced defendant had both a legal and equitable right to defeat the plaintiff's claim by using the Mackellar judgment, and if the action had been tried at any time before Wyckoff's discharge—more than two years thereafter—it would have prevented a recovery by the plaintiff. Defendant could also have used that judgment to prevent a recovery, if the action had been brought either by Wyckoff or his trustee in bankruptcy. The right which he thus had could not be taken from him by Wyckoff's assigning his judgment to a third person, and thereafter obtaining a discharge in bankruptcy.

The judgment appealed from, therefore, must be affirmed, with costs. All concur.