### McDONALD v. H. E. TAYLOR & CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. COMPOSITIONS WITH CREDITORS (§ 20\*)—EFFECT.

Creditors who enter a composition with a debtor thereby release the debt and lose the right to retain any securities held for the debt, unless there be an agreement to the contrary.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. § 43; Dec. Dig. § 20.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. BANKRUPTCY (§ 433\*)—DISCHARGE—EFFECT.**

A discharge in bankruptcy does not divest any lawful liens of the creditor existing at the time of the beginning of the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 808–823; Dec. Dig. § 433.\*]

**3. BANKRUPTCY (§ 387\*)—COMPOSITION—EFFECT.**

The effect of composition in bankruptcy proceedings is to supersede the bankruptcy proceedings and reinvest the bankrupt with all his property free from the claims of creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 607; Dec. Dig. § 387.\*]

**4. BANKRUPTCY (§ 387\*)—COMPOSITION—EFFECT.**

The rule that creditors who enter into a composition with a debtor thereby release the debt and lose the right to retain any securities held for the debt, unless there be an agreement to the contrary, applies to a composition made under the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 613; Dec. Dig. § 387.\*]

**5. PLEADING (§ 87\*)—EQUITABLE DEFENSES.**

In a suit for the proceeds of life insurance, any equitable defense arising from payment of premiums must be pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 180; Dec. Dig. § 87.\*]

**6. PLEADING (§ 350\*)—JUDGMENT ON PLEADINGS—PROCEDURE.**

Plaintiff should appeal from an order refusing judgment on the pleadings without unnecessarily invoking a rehearing of the questions involved by bringing on defendant's demurrer for trial as an issue of law.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.\*]

Appeal from Special Term, Westchester County.

Action by Julia A. McDonald, as administratrix, against H. E. Taylor & Co. From an order refusing judgment on the pleadings, plaintiff appeals. Reversed, and motion granted conditionally.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Jacob A. Bernstein, for appellant.
William H. Sage, for respondent.

CARR, J. This is an appeal from an order made at Special Term in Westchester county denying plaintiff's motion for judgment upon the pleadings under section 547 of the Code of Civil Procedure. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The complaint sets forth facts as follows: The plaintiff is the duly appointed administratrix of the estate of her husband, Patrick McDonald, deceased. Her husband had a life insurance policy on his life which he assigned to the defendant as collateral security for a debt due by him to the defendant. Subsequently the defendant and other creditors began bankruptcy proceedings against McDonald and secured an adjudication of his bankruptcy. In said proceedings the defendant's claim against McDonald was duly fixed at the sum of $4,375.82, which was the full amount of McDonald's debt to the defendant. That Mc-

Donald offered a composition of his total indebtedness at the rate of 20 per cent. thereof, payable in notes of a corporation. That the defendant, together with a majority of the other creditors accepted the offer of composition. That the composition was regularly approved by the bankruptcy court. That the defendant received the corporation note for the sum payable to it under the composition agreement, and the same has been paid in full. That the defendant did not surrender the life insurance policy which it had held as security, but on the subsequent death of McDonald collected the sum of $2,953.21 as the proceeds of said policy, and has refused to pay said sum over to the plaintiff. The question involved is, Do the facts so stated set forth a cause of action in favor of the plaintiff?

[1] The general rule is that the creditors who enter into a composition with a debtor thereby release the debt and lose the right to retain any securities held for the debt, unless there be an agreement to the contrary. Robinson v. Striker, 47 Hun, 546, affirmed 113 N. Y. 635, 20 N. E. 878; Van Bokkelen v. Taylor, 62 N. Y. 105; Cowper v. Green, 7 M. & W. 633; 6 Amer. & Eng. Encyc. (2d Ed.) 391; 8 Cyc. 459.

The defendant, while conceding this rule to be a general one, contends that it does not apply to a composition made under the bankruptcy act. It argues that such a composition has no greater effect than the ordinary discharge in bankruptcy which works not a release of the debt itself but a bar of the remedy, and thus leaves unaffected any existing lien of the creditor upon the property of the debtor.

[2] It is well settled that a discharge in bankruptcy does not divest any lawful liens of the creditor existing at the time of the beginning of the bankruptcy proceeding. Wyckoff v. Williams, 136 App. Div. 495, 121 N. Y. Supp. 189; Storm v. Waddell, 2 Sandf. Ch. 494; Pickert v. Eaton, 81 App. Div. 423, 81 N. Y. Supp. 50; Wahlheimer v. Truslow, 106 App. Div. 73, 94 N. Y. Supp. 137; McCombs v. Allen, 82 N. Y. 114; Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. Section 14 of the bankruptcy act provides as follows:

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

[3] The general rule is stated thus:

"The effect of composition is to supersede the bankruptcy proceedings and reinvest the bankrupt with all his property free from the claims of creditors. A certified copy of the order, when recorded, acts as a deed." Collier on Bankruptcy (8th Ed.) 232, and cases cited.

It is urged that, as a composition in bankruptcy may not be voluntary but may be compelled by a vote of a majority of the creditors, it should not therefore be held to be affected by the general rule as to composition agreements, which should be restricted to agreements made voluntarily. The allegation in the complaint is express that the defendant accepted the offer of a composition made by the decedent, and thus, as to it, the composition appears to be a voluntary act, and not the result of any coercion of a majority of the creditors. There is

considerable discussion in the briefs on this appeal whether the defendant by proving its claim at the full amount of the decedent's indebtedness did not under the bankruptcy law waive its right to the security for the debt.

[4] We do not consider it necessary to discuss this question, nor likewise the further question when under the bankruptcy law a life insurance policy, as to which there is no surrender value alleged, would pass to the trustee in bankruptcy, because we think that on the face of the complaint a cause of action is stated sufficiently.

[5] It is intimated in the brief for the defendant that many of the premiums on the policy in question were paid by the defendant. If this be so, and the defendant asserts an equitable defense by reason thereof, such matter should be availed of by answer.

[6] The practice pursued by the plaintiff and appellant requires a word of comment. Instead of appealing at once from the order made at Special Term on her motion for judgment, she brought on the defendant's demurrer for trial as an issue of law, and pending the decision of the court on the demurrer she took this appeal. We think that this practice should not be allowed to become permissible hereafter. Where section 547 of the Code of Civil Procedure is invoked, it should be adhered to, and the court should not thereafter be vexed unnecessarily with a rehearing of the same matter on a trial of an issue of law upon a demurrer.

The order appealed from should be reversed without costs, and the motion for judgment on the pleadings granted without costs of said motion, unless the defendant obtains leave at Special Term to withdraw its demurrer and to answer within 20 days. All concur.