■ JESSE M. HOLDSWORTH, Respondent, v CLARENCE D. MAXEY et al., Defendants. ANGEL REYES, Appellant.—Appeal by Angel Reyes from an order of the Supreme Court, Suffolk County, entered January 29, 1974, which denied his motion to cancel a proposed Sheriff's sale of defendants' real property. By order dated November 18, 1974, this court remitted the case to Special Term to hear and report on certain issues and, in the interim, the appeal has been held in abeyance *(Holdsworth v Maxey,* 46 AD2d 800). The hearing has been held and the findings have been received. Order affirmed, with $50 costs and disbursements. The plaintiff loaned $10,000' to defendants, who owned a parcel of real property by the entirety. They defaulted and confessed judgment; the plaintiff entered judgment on June 22, 1972 in Suffolk County, the county in which the property was located. In November, 1972 the defendants filed separate petitions in bankruptcy and listed the plaintiff's claim. Plaintiff timely filed a notice of claim which recited the underlying debt and the judgment entered thereon, but did not specifically refer to the debt as "secured". Thereafter, a hearing was

held and the real property in issue was sold by the trustee in bankruptcy and conveyed, by quitclaim deed, to Angel Reyes, the appellant herein, subject to all liens and judgments of record. Plaintiff then levied on his judgment against the defendants by delivering an execution to the Sheriff of Suffolk County, the appropriate county, calling for the sale of the subject property on December 3, 1973. Additionally, plaintiff filed in the bankruptcy court an amended proof of claim, identical in form to the original claim, but containing the additional notation that it was a secured claim and stating that he did "not intend to waive any security she may have by virtue of the judgment" previously entered. No proceeding was initiated in the bankruptcy court to contest or set aside the amended claim. By order of the United States District Court, Eastern District of New York, dated October 23, 1974, the debtors were discharged. The plaintiff has not received any distribution from the bankrupts' estates. Appellant claims that he obtained the real property free of plaintiff's lien since the original claim filed by the plaintiff in the bankruptcy court did not recite that it was filed as a secured claim. We disagree and, accordingly, affirm the order of Special Term. Although a secured creditor in a bankruptcy matter may elect to waive the security and proceed as a general creditor, appellant has failed to show that plaintiff intentionally and knowingly chose to do so (see 3 Collier, Bankruptcy [14th ed], § 57.07 *et seq.).* The originally filed proof of claim is a standard form document. It is true that paragraph "6" therein, which pertains to a "security" for the debt, was left blank by plaintiff. Nevertheless, he specifically recited in another part of the claim the amount of the debt and that a confession of judgment had been entered thereon in Suffolk County. Plaintiff did not waive the security as embodied in the judgment, but made it clear that he did not possess any other, or additional, security. Since this judgment, by operation of law, was a lien on the land, it survived the bankruptcy and appellant purchased the instant property subject to it. Gulotta, P. J., Hopkins, Christ and Shapiro, JJ., concur.