BANK OF NEW YORK, Respondent, v MICHAEL J. NIES et al., Appellants.

Fourth Department, November 4, 1983

APPEARANCES OF COUNSEL

*Leroy Natanson* for appellants.

*Costello, Cooney & Fearon* (*Robert Essig* of counsel), for respondent..

OPINION OF THE COURT

SCHNEPP, J.

In this proceeding under section 150 of the Debtor and Creditor Law defendants appeal from an order directing that a "qualified" discharge be marked on the docket of a judgment which had been declared null and void as a determination of their personal liability upon their discharge in bankruptcy. Defendants sought to have the judgment discharged of record in order "to clear title" to real property which they acquired after the bankruptcy proceeding.

The facts may be simply stated. On April 8, 1977 a judgment in the sum of $21,549.50 was docketed by plaintiff bank in the Onondaga County Clerk's office and became a lien on real property then owned by the defendants in the Town of Clay, Onondaga County (CPLR 5203). On May 25, 1977 defendants filed a bankruptcy petition which listed plaintiff's judgment in its schedules. On the same day a *lis pendens* was filed in a foreclosure action by the holder of a purchase-money mortgage on the real property.[1] A judgment of foreclosure was entered on July 25, 1977 and the premises were sold at public sale on September 21, 1977. Defendants' discharge in bankruptcy on July 29, 1977 rendered plaintiff's judgment "null and void as a determination of * * * personal liability" and enjoined the institution or continuance of any action or the employment of any process to collect the debt as a personal liability of the defendants. On January 6, 1982 defendants acquired title to other real property located in Onondaga County, the deed to which was recorded on August 24, 1982.

The within application, which was made in September, 1982, was opposed by plaintiff on the ground that their judgment was a lien on real property owned by defendants when bankruptcy was filed and the lien extends to any realty defendants thereafter acquired. Special Term found that plaintiff's judgment was a lien on the realty owned by defendants and that this lien had not been invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee, and ordered that a qualified discharge of record be marked on the docket of the judgment. It did not specifically reject the argument that plaintiff's judgment lien attaches to the after acquired real property of defendants and its decision may be read as an implicit approval of this contention.

On this appeal defendants argue that the judgment was discharged in bankruptcy, that the judgment lien cannot attach to property acquired thereafter and that Special Term erred in ordering that only a qualified discharge of record be marked on the docket of the judgment. Plaintiff contends that the judgment lien survived bankruptcy and

---

1. Defendants' claim on this appeal that the trustee in bankruptcy abandoned his interest in the real property was not controverted by plaintiff.

attached to defendants' after acquired property, and that a qualified discharge of record was proper. We hold that Special Term did not err in ordering a qualified discharge. This conclusion, however, offers no solace to plaintiff since it is our view that the judgment lien does not attach to defendants' after acquired real property.

Section 150 provides that

"1. At any time after one year has elapsed since a bankrupt * * * was discharged from his debts * * * the bankrupt * * * may apply, upon proof of the bankrupt's * * * discharge, to the court in which a judgment was rendered against him * * * for an order, directing that a discharge or a qualified discharge of record be marked upon the docket of the judgment.

"2. If it appears upon the hearing that the bankrupt * * * has been discharged from the payment of that judgment * * * an order must be made directing that a discharge or qualified discharge be marked on the docket of the judgment.

"3. If it appears that any lien of the judgment upon real property owned by the bankrupt * * * prior to the commencement of the bankruptcy proceedings was *invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee,* the order shall direct that a discharge be marked on the docket of the judgment. [Emphasis added.]

"4. If * * * it appears that the judgment was a lien" on real property owned by the bankrupt prior to the commencement of the bankruptcy proceeding, "and it is not established to the satisfaction of the court that the lien was invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee, the order shall direct that a qualified discharge be marked on the docket of the judgment."

In this case defendants were discharged in bankruptcy from payment of plaintiff's judgment which was a lien upon their real property prior to the commencement of bankruptcy proceedings. The narrow issue before us is whether the lien "was invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought

by the receiver or trustee". If so, defendants are entitled under section 150 to a discharge of record; otherwise the discharge of record must be marked "qualified".

To resolve this issue it is necessary to understand the history and meaning of section 150. The section traces its roots to section 1268 of the Code of Civil Procedure which was enacted in 1875 (L 1875, ch 52) following passage of the Federal Bankruptcy Act of 1867.[2] Its purpose was to complement bankruptcy proceedings by providing a method for the adjustment of the county clerk's record to reflect the discharge in bankruptcy, and a remedy for the removal of the cloud upon title to land (*Matter of Peterson,* 137 App Div 435, 440; *Graber v Gault,* 103 App Div 511). As such it neither created nor destroyed liens or other substantive rights (*Matter of Paley* [*Ritholtz*], 260 App Div 632, affd 285 NY 641; *Pickert v Eaton,* 81 App Div 423).

As originally enacted, the section made no provision for a "qualified" discharge of record; a judgment was canceled and discharged of record without qualification if the judgment had been discharged in bankruptcy. The section, however, expressly provided that such a cancellation shall not affect "a lien on real property owned by the bankrupt more than four months prior to the time he was adjudged a bankrupt". It was also developed through case law that a discharge in bankruptcy did not impair judgment liens which were attached to the real property of a bankrupt prior to bankruptcy and continue to exist (*McCarty v Light,* 155 App Div 36; *McDonald v Taylor & Co.,* 144 App Div 329, 331; *Wyckoff v Williams,* 136 App Div 495, 497-498; *Pickert v Eaton,* 81 App Div 423, 425, *supra; Storm v Waddell,* 2 Sandf Ch 494). For example, in *McCarty v Light* (*supra*) it was held that under the provisions of the Bankruptcy Act of 1898 the lien of a judgment recovered within four months before the adjudication of the debtor as a bankrupt survives his subsequent discharge, although the debt upon which it was recovered was proven in the bankruptcy proceedings, where the trustee in bankruptcy elects

---

2. There were amendments in 1899 (L 1899, ch 602) to conform to the Bankruptcy Act of 1898, and again in 1922 (L 1922, ch 77) to conform to the amendments of the Bankruptcy Act up to that time (NY Legis Ann, 1953, p 14). The Debtor and Creditor Law which became effective February 17, 1909 (L 1909, ch 17) embraced section 1268 of the Code of Civil Procedure.

not to take the property upon which the judgment was a lien and the interest of the bankrupt therein is not sold in the bankruptcy proceedings. As a result when a judgment was discharged of record pursuant to the former law, title searchers or other interested persons had no warning that judgment liens may have survived bankruptcy and remain attached to the real property of the bankrupt, since so far as the record showed, no judgment lien survived (NY Legis Ann, 1953, p 14).

Section 150 was amended to its present form in 1953 upon the recommendation of the Law Revision Commission (L 1953, ch 576) to remove this source of confusion and possible error (NY Legis Ann, 1953, p 13). The Law Revision Commission expressed the opinion that unless a court "finds affirmatively that no lien of the judgment on real property of the bankrupt still exists" the form of discharge marked on the record should be "qualified" (NY Legis Doc, 1953, No. 65[A], p 7).

The Law Revision Commission reached its conclusion after reviewing the provisions of the Bankruptcy Act governing discharge of judgments and validity of liens (NY Legis Doc, 1953, No. 65[A], pp 22-27). The commission found that under the Bankruptcy Act (US Code, tit 11, § 107) a lien obtained within four months of bankruptcy may be null and void if the debtor is insolvent when the lien is obtained (subd [a], par [1]), and that a lien established within one year of the filing of the petition in bankruptcy might be void as a fraudulent transfer (subd [d], par [2]). It recognized that the Bankruptcy Court has summary jurisdiction to invalidate such liens which may also be set aside by a State court in a plenary action brought by the trustee or receiver (US Code, tit 11, § 107, subd e; 4 Collier, Bankruptcy [14th ed], par 67.18). Furthermore, under the Bankruptcy Act if a lien is voidable, the claim of a creditor secured by that lien will not be allowed unless the lien is surrendered (US Code, tit 11, § 93, subd [g]). And even if the lien is not voidable, a secured creditor may surrender it and prove his entire claim in bankruptcy as unsecured (3 Collier, Bankruptcy [14th ed], par 57.07 [3.1]; see, also, *Holdsworth v Maxey,* 53 AD2d 853).

It is in light of these provisions of the bankruptcy law and accepted principles of bankruptcy practice that the commission recommended that section 150 be amended to its present form. This proposed amendment was accepted without reservation by the Legislature and enacted into law. The section was amended "to require that the order of the court direct a 'qualified' discharge of record unless it is established that no lien of the judgment survived the [bankruptcy] proceeding" (NY Legis Ann, 1953, p 13).

Thus, it is clear that under the present provisions of section 150 there can no longer be misplaced reliance on the fact that an unqualified discharge order was granted. Unless the judgment lien was invalidated under the Bankruptcy Act by a Bankruptcy Court or set aside by a State court in a plenary action, or surrendered by a creditor who proved his entire claim in bankruptcy as unsecured, the discharge of record must be "qualified". A "qualified" discharge puts title searchers and other interested persons on notice that judgment liens may, if not otherwise extinguished, still exist. It is not in and of itself a cloud on the title of property owned by the bankrupt and does not connote the existence of a lien. An unqualified discharge should be granted only when it is affirmatively shown that the lien was clearly dissolved in bankruptcy and no longer exists.

Here, no proof was submitted that plaintiff's lien was invalidated or surrendered in the bankruptcy proceedings, or set aside in a plenary action. Special Term, therefore, did not err in ordering that a qualified discharge be marked on the docket of plaintiff's judgment.

However, this is not to say that by virtue of this judgment there is a lien on the real property now owned by defendants.[3] Although, as we have pointed out, judgment liens which have attached to real property of a debtor prior to bankruptcy may survive bankruptcy so that they are unaffected by the bankruptcy discharge (see *Holdsworth v Maxey,* 53 AD2d 853, *supra*), this principle of law has no relevancy to property acquired by a debtor after bank-

---

3. The effect of the judgment of foreclosure which was entered on July 25, 1977 was to bar and extinguish judgment liens on the foreclosed property (see 2A Warren's Weed, NY Real Property [4th ed], Foreclosure of Mortgage, § 14.08).

ruptcy. A judgment lien does not attach to the real property of a debtor and becomes effective until the property is acquired (*Matter of Hazard,* 73 Hun 22, affd 141 NY 586; see, also, *Hulbert v Hulbert,* 216 NY 430, 433). Judgments which have been discharged in bankruptcy, however, may not be kept "alive for the purpose of permitting the creation of an enforceable lien upon a subject not existent when the bankruptcy became effective" (*Local Loan Co. v Hunt,* 292 US 234, 243). The Bankruptcy Act gives debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." (*Local Loan Co. v Hunt, supra,* p 244.) It would be inconsistent with this recognized purpose to penalize debtors who take advantage of the opportunity afforded them to begin their life anew and acquire real property after their discharge. Thus, it is settled law that property acquired by a debtor after his discharge in bankruptcy is not subject to the lien of a judgment recovered against him where the judgment was discharged in bankruptcy[4] (8B CJS, Bankruptcy, § 582 [7] b; see, also, *Baker v Mount,* 1 How Prac 238; *Matter of Harrington,* 200 F 1010; *Matter of Van Buren,* 164 F 883). "When the debt is gone, the right to recover judgment thereon is gone * * * [and] all [property] acquired after [the debtor's] discharge belong[s] to [the debtor] the same as if it was a new creation of law" (*Firestone Tire & Rubber Co. v Agnew,* 194 NY 165, 170, mot for rearg den 194 NY 591).

Prior to 1953 this principle of law was also declared in section 150 of the Debtor and Creditor Law: "Where the judgment was a lien on real property owned by the bankrupt more than four months prior to the time he was adjudged a bankrupt, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, *nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.*" (Emphasis added.) Plaintiff argues that the dele-

---

**4.** Other States, including the following, follow this rule: Florida (*Albritton v General Portland Cement Co.,* 344 So 2d 574, 576); Georgia (*Shabaz v Henn,* 48 Ga App 441); Indiana (*Echelbarger v First Nat. Bank,* 211 Ind 199); Louisiana (*Losavio v Gauthier,* 412 So 2d 1306, 1308); Missouri (*Pruellage v De Seaton Corp.,* 407 SW2d 36, 41); and North Dakota (*Ellis v Fiske,* 60 ND 142).

tion of this language by the Legislature indicates a legislative intent that judgment liens should attach to real property acquired after bankruptcy. There is no support for this view, however, in either the Bill Jacket, the report of the Law Revision Commission (NY Legis Doc, 1953, No. 65 [A]), or in the sponsor's memorandum (NY Legis Ann, 1953, p 13). The language was deleted solely because "[t]he Commission believes that there is no reason to attempt to define in § 150 which liens are valid and which invalid. The validity is determined in the bankruptcy proceedings and § 150 need only indicate that a lien which survives bankruptcy cannot be affected by a proceeding under the section." (NY Legis Ann, 1953, p 14.)

Accordingly, the order appealed from should be affirmed.

DILLON, P. J., DOERR and BOOMER, JJ., concur.

Order unanimously affirmed, without costs.