OPINION OF THE COURT
John D. Doyle, J.
Petitioner has requested an order pursuant to Debtor and Creditor Law § 150 directing that a discharge of record be marked upon dockets located in the office of the Clerk of the County of Monroe listing the following judgments and liens;
1. Judgment in favor of Rochester Gas and Electric Corporation (RG&E) in the sum of $3,892.51, docketed April 18, 1983;
2. A collateral security mortgage in the sum of $3,478 on *8 the same indebtedness listed above recorded February 18, 1982, in liber 5429 of mortgages at page 36;
3. Judgment in favor of Marine Midland Bank, N. A. (Marine), docketed April 14, 1983, in the sum of $1,212.51; and
4. Judgment in favor of Chase Manhattan Bank, N. A. (Chase), docketed June 23, 1983, in the sum of $729.19.
RG&E, Marin and Chase are listed as creditors having unsecured claims without priority on petitioner’s voluntary petition for relief under 11 USC chapter 7, filed April 18, 1983. RG&E’s collateral security mortgage does not appear in petitioner’s list of creditors having priority in the voluntary petition. The same day that petitioner filed for bankruptcy in Bankruptcy Court, the City Court of Rochester rendered and docketed a judgment in favor of RG&E in the amount of $3,892.51. RG&E filed a proof of claim based on the City Court judgment on May 24, 1983, declaring it held no security interest in the claim. United States Bankruptcy Judge Edward D. Hayes discharged petitioner’s debts pursuant to 11 USC § 523, by order dated September 1, 1983. Subsequently, on March 5, 1985, petitioner’s attorney moved before Supreme Court, Monroe County, Special Term, to discharge the above-mentioned liens.
Petitioner contends that RG&E’s participation in the bankruptcy as a general creditor caused RG&E to surrender its lien or position as a secured creditor. Further, that by the surrender, RG&E elected its remedy and may not now enforce both its judgment and preference under the collateral security mortgage. Petitioner also contends that under Debtor and Creditor Law § 150 (3), any prior judgment invalidated or surrendered in bankruptcy may be marked as discharged. Creditor RG&E, on the other hand, maintains petitioner’s argument may have held some weight under the old Bankruptcy Act, but under the recently adopted Bankruptcy Reform Act (11 USC § 101 et seq.), RG&E’s collateral security mortgage is not deemed "surrendered” by RG&E’s participation as a general creditor, therefore, RG&E’s collateral security mortgage may not be discharged pursuant to Debtor and Creditor Law § 150.
Debtor and Creditor Law § 150 provides for the cancellation of record of judgment discharged in bankruptcy. "Its purpose was to complement bankruptcy proceedings by providing a method for the adjustment of the county clerk’s record to reflect the discharge in bankruptcy, and a remedy for the *9 removal of the cloud upon title to land * * * As such it neither created nor destroyed liens or other substantive rights”. (Bank of New York v Nies, 96 AD2d 166, 169 [4th Dept 1983].) Further, if it appears that the Bankruptcy Court discharged the debt upon which the judgment was based, the court must order that a discharge or qualified discharge be marked on the docket of the judgment. (Debtor and Creditor Law § 150 [2].)
As to RG&E’s City Court judgment, under New York State law, the holder of a collateral security mortgage may proceed at law to reduce the claim to judgment or the holder may proceed in equity to foreclose the mortgage. (Wyoming County Bank v Kiley, 75 AD2d 477, 481 [4th Dept 1980].) Should the creditor obtain a judgment upon the mortgage debt, the creditor’s right to execute is limited to other real and personal property than the mortgaged property itself {supra, at p 480). Here, RG&E possessed a collateral security mortgage on debtor’s home. RG&E elected to reduce the claim to judgment therefore restricting its rights to recover on the debt to other real and personal property of debtor. Thus, to some extent, RG&E did acquire legal rights in debtor’s real property when its judgment was docketed. (CPLR 5203; Matter of Pierce, 122 Misc 2d 908, 912 [Sur Ct, Onondaga County 1984]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5203:2, p 102.) All debts which arose before an order of relief pursuant to chapter 7, however, are discharged unless objections are raised pursuant to 11 USC §§ 523, 727 (b). To the knowledge of this court, no such objections were raised and disposed of by the Bankruptcy Court in this instance. RG&E’s claim was discharged pursuant to the order of the United States Bankruptcy Court Judge Edward D. Hayes on September 1, 1983. RG&E’s judgment, therefore, is discharged completely and this court directs that the docket of the judgment be so marked. Further, the United States Bankruptcy Court appears to have discharged creditors Marine’s and Chase’s claims, thus, their respective judgment dockets are also to be marked with a note of discharge according to section 150.
Petitioner has moved pursuant to section 150 for the same relief given above with respect to RG&E’s collateral security mortgage. Section 150, however, deals with judgments only, therefore, this court may not direct that a note of discharge be made upon a recorded mortgage. The status of RG&E’s claim *10 based upon the collateral security mortgage is a question of Federal bankruptcy law.
A discharge in bankruptcy
"voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor
"[and] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor” (11 USC § 524 [a] [1], [2]). The amount of the debt to be discharged depends upon the creditor’s claims, the debtor’s acquiescence and the effect of 11 USC § 502 (a). (In re Gurwitch, 37 Bankr 513, 515 [SD Fla 1984].) A creditor’s claim means his "right to payment, whether or not such right is reduced to judgment * * * secured, or unsecured”. (11 USC § 101 [4] [A].) A creditor must file a proof of claim before it is deemed allowed. (11 USC §§ 501, 502 [a].) The proof of claim " 'constitute^] prima facie evidence of the validity and amount of the claim.’ ” (3 Collier, Bankruptcy § 502.01 [15th ed 1985].) A claim will not be disallowed unless a party in interest objects to a proof of claim and the Bankruptcy Court so rules. (11 USC § 502 [b].)
Here, RG&E filed a proof of claim on May 24, 1983 as an unsecured claim for $3,892.51. RG&E described the debt as the balance due on an installment note plus interest with a judgment docketed in the Monroe County Clerk’s office on April 18, 1983. According to section 502 (a), RG&E’s claim, as described, was a valid, unsecured claim for $3,892.51 and was deemed allowed for purposes of the bankruptcy proceeding as no objections by any party in interest were made to RG&E’s characterization of its claim. The issue now becomes whether RG&E’s present assertion that its claim is indeed secured by a collateral security mortgage and may not be considered waived.
The mere filing of a secured debt as unsecured does not conclusively amount to a waiver of the security. (Matter of Russo, 18 Bankr 257, 270 [EDNY 1982].) There the creditor filed his claim as unsecured, but also voted full value of his claim to elect his son trustee of the bankrupt’s estate. The court found that the two affirmative acts constituted a waiver of the security the creditor possessed against the bankrupt’s property. Despite the fact that Matter of Russo was decided under the former Bankruptcy Act the Bankruptcy Reform Act *11 would have operated under the same circumstances to waive the security interest.
11 USC § 506 (d) determines the secured status of allowed claims. A claim is allowed when the proof of claim is filed and no party in interest objects. (In re Busman, 5 Bankr 332 [EDNY 1980].)
"To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless
"such claim is not an allowed secured claim due only to the failure of [the] entity to file a proof of such claim under section 501 of this title.” (11 USC § 506 [d] [2].) Thus, under the new act a creditor must do more than file a proof of claim as an unsecured creditor before the creditor is deemed to have waived his security interest.
Here, debtor signed an installment loan note and security agreement with Security Trust Company whereby debtor would use the funds to pay RG&E to perform certain energy conservation measures in debtor’s home. The details of the financing provided that RG&E pay the balance due on the note in case debtor defaulted on her payments. In consideration of RG&E’s agreement to guarantee the loan, debtor gave RG&E a collateral security mortgage.
• RG&E had a choice when the time came to file proofs of claim. RG&E could file as an unsecured creditor and take whatever amount may be distributed. This option appears particularly attractive when one’s collateral security interest may be subject to a prior perfected security interest or perhaps where the collateral secured is worth substantially less than what a creditor may gain under distribution as an unsecured creditor. The gamble, of course, is that nothing will be left to distribute to the unsecured creditors. The second option would be to file a proof of claim as a secured creditor to recover any funds to the extent of the collateral secured. (11 USC § 506 [a]; see, In re Sillani, 9 Bankr 188, 189 [SD Fla 1981].) This latter option is particularly effective where the collateral secured covers the extent of the debt. For whatever reason, RG&E decided to participate as an unsecured creditor. Any contention that RG&E erroneously filed as unsecured when it really meant secured, is unfounded as it asserted its unsecured status in two places on the proof of claim, not just one. Further, had RG&E’s filing as an unsecured creditor been an error or even if RG&E wanted to alter its status to secured, *12 it could have done so by amending its proof of claim. (In re International Horizons, 751 F2d 1213, 1216 [11th Cir 1985] ["amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim”].)
RG&E’s secured claim is not an allowed secured claim because RG&E failed to file proof of such a claim. The failure to file such a claim alone will not effect RG&E’s security interest. (11 USC § 506 [d] [2].) RG&E, however, participated in the bankruptcy distribution to the extent that had assets been available to the general unsecured creditors, RG&E would have received some portion of them. The principles of equity would not be served by this court if it were to rule that a creditor may choose to participate as an unsecured creditor in a distribution in bankruptcy and when no proceeds are distributed, allow the creditor to assert its secured claim afterwards. RG&E gambled and lost its collateral security mortgage when it failed to elect secured creditor status on its proof of claim and then participated in the distribution as a secured creditor.