■ In the Matter of ALBERT J. MELITA et al., Respondents, v STATE BANK OF ALBANY, Appellant.—Casey, J.

The sole issue to be determined on this appeal is whether certain judgments entered in the Fulton County Clerk's Office in favor of respondent bank against petitioners have been "discharged" or only "qualifiedly discharged" by petitioners' adjudication of bankruptcy.

The first judgment, in the amount of $8,404.68, was entered against both petitioners on June 5, 1980. The second, in the amount of $2,124.10, was entered against petitioner Albert Joseph Melita only on July 25, 1980. As a consequence, on September 16, 1980, petitioners filed for bankruptcy under chapter 7 of the Bankruptcy Reform Act of 1978 (11 USC § 101 *et seq.*). The claim form filed therein by respondent described the nature and source of its judgments and indicated that respondent did not have any "security interest". Respondent now argues that its interest was accurately described on its submitted claim form as a "judicial lien", with

no indication that the lien was being surrendered, and that petitioners are, therefore, entitled only to a "qualified discharge" of the judgments under Debtor and Creditor Law § 150 (4) and (6).

A "judicial lien" is defined as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding" (11 USC § 101 [30]; *see, Matter of Asplund,* 21 Bankr 139). Petitioners urge that since respondent's claims were secured as "judicial liens" on the real property owned by petitioners in Fulton County at the time the liens were filed, respondent must be considered as a secured creditor under the bankruptcy law, faced with the choice of either filing a secured claim in the bankruptcy proceeding or surrendering its security and proving its claims as unsecured. Petitioners contend that respondent chose the latter course by filing general unsecured claims, resulting in the full discharge of the judgments under Debtor and Creditor Law § 150 (3). As originally enacted, Debtor and Creditor Law § 150 made no provision for a "qualified" discharge. A judgment was canceled and discharged of record without qualification if the judgment had been discharged in bankruptcy *(Bank of N. Y. v Nies,* 96 AD2d 166). This led to confusion for title searchers and other interested persons who had no warning that judgment liens may have survived bankruptcy and remained attached to the real property of the bankrupt. Debtor and Creditor Law § 150 was, therefore, amended in 1953 to remove the confusion *(see, Bank of N. Y. v Nies, supra).* As a result, only if the judgment lien is surrendered by a creditor who proves his entire claim in bankruptcy as unsecured must the discharge be considered "unqualified", as petitioners argue and Special Term found.

In our opinion, however, there is no indication that respondent intended to surrender its judicial liens and file its claim as unsecured. Petitioners have failed to show any intentional or knowing waiver of the security of respondent's "judicial liens" *(see, Holdsworth v Maxey,* 53 AD2d 853). By reciting the amount of the debt and the entry of judgments thereon, respondent did not surrender its lien *(Holdsworth v Maxey, supra).*

Since a "judicial lien" and a "security interest" are mutually exclusive categories under the Bankruptcy Code *(see,* 11 USC § 101 [30], [43]), respondent properly indicated on the claim form that it had no "security interest". The discharge of respondent's judgment must, therefore, be qualified, and the orders must be modified accordingly.

Orders modified, on the law, with costs to respondent, by

providing that the discharge of respondent's judgments against petitioners shall be a qualified discharge, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.