(February 19, 1991)

■ AUTOMOTIVE RENTALS, INC., Doing Business as HOLMAN LEASING COMPANY, Appellant, v JEAN PERAKIS, Respondent, and ISAAC SOVERO et al., Intervenors-Respondents.—In an action to recover damages for breach of contract, in which the plaintiff obtained a judgment which was docketed as a lien on the defendant's real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered June 30, 1989, which denied its motion to vacate an order, made on its default, which discharged the judgment by reason of the defendant's bankruptcy.

Ordered that the order is affirmed, with costs to the intervenors-respondents.

The plaintiff argues that an order, made on its default, discharging the plaintiff's judgment and vacating its lien against the defendant's property should be vacated because the court lacked subject matter jurisdiction to discharge the lien. We find the plaintiff's contention to be without merit.

Debtor and Creditor Law § 150 (1) provides that: "At any time after one year has elapsed since a bankrupt or debtor was discharged from his debts, pursuant to the acts of congress relating to bankruptcy, the bankrupt or debtor, his receiver, trustee or any other interested person or corporation, may apply, upon proof of the bankrupt's or debtor's discharge, to the court in which a judgment was rendered against him, or if rendered in a court not of record, to the court of which it has become a judgment by docketing it therein, for an order, directing that a discharge or a qualified discharge of record be marked upon the docket of the judgment".

Since the judgment against the defendant was rendered in the Supreme Court, Nassau County, and the defendant sought to discharge that judgment in the same court, that court did have subject matter jurisdiction (cf., Matter of Miller, 53 Misc 2d 271). The plaintiff could have appeared in the Supreme Court, Nassau County, in opposition to the application to vacate the judgment and argued that a discharge in bankruptcy does not release or extinguish a judgment lien on real property and defeated the application (see, Bank of N. Y. v Nies, 96 AD2d 166, 169), but this it did not do. Having failed to respond to the application, the order vacating the judgment was properly granted (see, CPLR 3215 [a]).

The plaintiff also claims that the defendant committed fraud in the procurement of the order by not informing the court of the existence of the lien on the real property. Since the plaintiff was given notice of the defendant's application for discharge, it was then up to the plaintiff to establish that its lien was not one upon which a discharge in bankruptcy acts automatically (see, Columbia Bank v Birkett, 174 NY 112, 119, affd 195 US 345; First Natl. Bank v Felder, 69 Misc 2d 812, 815). Because the defendant did not have the affirmative duty to inform the court that the lien could not be discharged, he did not commit fraud by not disclosing that information to the court.

We have considered the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.