■ In the Matter of ROBERT LEONARD, Appellant, v BRESCIA LUMBER CORP., Respondent.—In a proceeding pursuant to Debtor and Creditor Law § 150 for an unqualified discharge of a lien on real property, the petitioner appeals from so much of

an order of the Supreme Court, Orange County (Green, J.), entered November 9, 1989, as, upon renewal, adhered to its original determination in an order dated August 26, 1988, granting the petitioner a qualified discharge.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the petitioner's contention, we find that the Supreme Court properly denied his application for an "unqualified" discharge of the lien on his real property. Approximately 11 months before the petitioner petitioned for bankruptcy, the respondent obtained and entered a judgment in its favor and against the petitioner, in the Supreme Court, Orange County, which, by operation of law, created a lien on the petitioner's real property in that county (see, CPLR 5018 [a]; 5203; Siegel, NY Prac §§ 418, 421 [2d ed]). Inasmuch as the lien on the property attached prior to the bankruptcy petition, it was not affected by the subsequent discharge in bankruptcy and, thus, the court properly granted a "qualified" discharge (see, Debtor and Creditor Law § 150; Matter of Melita v State Bank, 124 AD2d 282, 282-283; Bank of N. Y. v Nies, 96 AD2d 166, 167-173; Holdsworth v Maxey, 53 AD2d 853, 853-854; see also, Automotive Rentals v Perakis, 170 AD2d 555). Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.