■ BANK OF NEW YORK, Respondent, v FRANK MAGRI, Appellant. [641 NYS2d 68] —In an action to recover the proceeds of a loan, on which the plaintiff obtained a judgment in the sum of $25,172.83, which was docketed as a lien on the defendant's real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated December 8, 1994, as, upon granting his application pursuant to Debtor and Creditor Law § 150 for a discharge of the judgment, only granted him a qualified discharge.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court properly granted him a qualified discharge of the judgment. Approximately seven months before the defendant petitioned for bankruptcy, the plaintiff had obtained and entered a judgment in its favor and against the defendant, in the Supreme Court, Nassau County, which, by operation of law, created a lien on the defendant's real property in that county (see, CPLR 5018 [a]; 5203; Matter of Leonard v Brescia Lbr. Corp., 174 AD2d 621). Inasmuch as the lien on the property attached prior to the bankruptcy petition, it was not affected by the defendant's subsequent discharge in bankruptcy and, thus, the court properly granted a qualified discharge (see, Debtor and Creditor Law § 150; Matter of Leonard v Brescia Lbr. Corp., supra, at 622; Matter of Melita v State Bank, 124 AD2d 282, 283; Bank of N. Y. v Nies, 96 AD2d 166, 167-173; see also, Carman v European Am. Bank & Trust Co., 78 NY2d 1066).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.