OPINION OF THE COURT
Bernard S. Greenbaum, J.
Defendant moves by order to show cause to strike and vacate the judgment in this case based upon a discharge in bankruptcy granted by the Bankruptcy Court of the United States of America (ED NY, Westbury) on June 5, 1994 by Judge Doro *457 thy Eigenberg. Plaintiff was listed as an unsecured creditor and defendant contends that plaintiff, who was listed as the holder of an unsecured debt, should have asked the Bankruptcy Court to list plaintiff as a secured creditor. Plaintiff opposes the motion on the ground that defendant executed a judgment by confession and, upon breaching the agreement, judgment was entered against the defendant on August 11, 1993. The bankruptcy proceeding was not commenced until February 27, 1994. Therefore, the transcript of judgment filed in Queens County on August 11, 1993 is a valid lien against the real property of the defendant.
Plaintiff cites (Federal) cases, In re Sterling Die Casting Co. (132 Bankr 99 [ED NY 1991]) and In re Sterling Die Casting Co. v Local 365 UAW Welfare & Pension Fund (126 Bankr 673 [ED NY 1991]), from the United States Bankruptcy Court of the Eastern District and also Matter of Pierce (122 Misc 2d 908), which states that when a judgment is duly filed and docketed legal rights in the real estate of the debtor are attached. The case of Bank of N. Y. v Magri (226 AD2d 412 [1996]) also states that when the lien on the property attached prior to the bankruptcy petition, it was not affected by the defendant’s subsequent discharge in bankruptcy. Accordingly, based upon the Second Department, Appellate Division decision any transcript of judgment entered prior to the bank- • ruptcy proceeding attaches to the debtor’s real property. Furthermore, section 524 of the Bankruptcy Code (11 USC) states that although the bankruptcy proceeding extinguishes the debt and personal liability of the debtor, it does not affect a lien upon the debtor’s property.
A judgment in the Civil Court is not a lien on real property of the debtor; it only becomes a lien after a transcript of judgment is filed in the County Clerk’s office and, therefore, said transcript in the case only covers the debtor’s property located in Queens.
Motion is denied as the judgment does affect any real property of the defendant located in Queens County. However, plaintiff is ordered and directed not to file any subsequent transcript and if any have been filed after February 27, 1994 they are deemed null and void against any real property located in all other counties of New York State. The Civil Court judgment clerk is directed not to issue any further transcripts.