■ GIHON, LLC, Respondent, v 501 SECOND STREET, LLC, Appellant. [815 NYS2d 656]—In an action, inter alia, for a judgment declaring the parties' rights and obligations under a commercial lease, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Knipel, J.), dated October 22, 2003, as denied its motion, in effect, for leave to reargue the plaintiff's motion to hold it in contempt for failure to comply with an order of the same court dated June 14, 2002, which was determined in an order of the same court dated March 13, 2003, and (2) a money judgment of the same court dated November 13, 2003, which is in favor of the plaintiff and against it in the principal sum of $44,200.

Ordered that the order dated October 22, 2003 is affirmed insofar as appealed from; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

It is well settled that a litigant may not raise any issue on a subsequent appeal which was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution (*see Bray v Cox*, 38 NY2d 350 [1976]). Here, the defendant appealed from the order dated March 13, 2003. That appeal was dismissed for lack of prosecution. We decline to exercise our discretion to determine the issues raised in the present appeals, which could have been raised on the appeal from the order dated

March 13, 2003 (*see Midlantic Commercial Leasing Corp. v Levin*, 22 AD3d 727 [2005]).

Furthermore, despite the defendant's contentions, the money judgment dated November 13, 2003 was properly entered through the signature of the court clerk (*see* CPLR 5016), and once that judgment was properly entered, "by operation of law, [it] created a lien on the defendant's real property in [Kings] county," including the subject premises (*Bank of N.Y. v Magri*, 226 AD2d 412 [1996]; *see* CPLR 5018 [a]; 5203; *Matter of Leonard v Brescia Lbr. Corp.*, 174 AD2d 621, 622 [1991]).

The defendant's remaining contentions are without merit. Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.