■ YASMEEN A. MOODY, Doing Business as PLASTIC SURGICAL ASSOCIATES OF ITHACA, Respondent, v DAVID M. MONACELLI, Appellant. [640 NYS2d 278] —Crew III, J.

Plaintiff and defendant are both licensed physicians specializing in the practice of plastic surgery. In 1994, the parties entered into a written agreement, covering the period January 1, 1994 to December 31, 1994, pursuant to the terms of which defendant joined plaintiff's practice and the two operated under the name of Plastic Surgical Associates of Ithaca (hereinafter the organization). As 1994 drew to a close, the parties entered into negotiations for the upcoming year but ultimately were unable to reach a satisfactory agreement. As a result, defendant left the practice on or about January 27, 1995.

---

Plaintiff thereafter commenced this action against defendant alleging, insofar as is relevant to this appeal, that defendant owed her one half of the cost of certain medical equipment, leasehold improvements and additional staff procured at defendant's behest. Defendant answered and set forth four counterclaims seeking, *inter alia,* sums allegedly due and owed him pursuant to the terms of the parties' agreement. Defendant thereafter moved for summary judgment seeking dismissal of plaintiff's third and fourth causes of action, together with judgment in his favor with respect to the counterclaims. Supreme Court granted defendant's motion for summary judgment with respect to the first counterclaim, awarding defendant approximately $65,000, representing his share of the professional receipts attributable to his services and collected by the organization during calendar 1994, but stayed entry of judgment pending resolution of the remaining issues. The balance of defendant's motion was denied, and this appeal by defendant followed.

Initially, we reject defendant's assertion that he was entitled to summary judgment on his third and fourth counterclaims seeking additional compensation and an accounting. Defendant contends that in addition to the professional receipts generated by him and actually received by the organization during calendar 1994, he is entitled to 50% of the outstanding receivables, i.e., those sums attributable to his professional services and billed for but not collected during calendar 1994 and January 1995. We cannot agree.

Pursuant to paragraph No. 10 of the parties' agreement, defendant was guaranteed $100,000 during the first year (January 1, 1994 to December 31, 1994) payable in equal monthly installments. In the event that the organization's "cash receipts from [defendant's] billings" exceeded his $100,000 draw, excess "receipts" up to $20,000 were to be applied to overhead expenses; if there remained additional "cash receipts from [defendant's] billings" after application of the $20,000, defendant was entitled to 50% of "such receipts".

As should be apparent from the quoted portions of the parties' agreement, paragraph No. 10, on its face, speaks of "cash receipts" and not "receivables". Additionally, paragraph No. 7 of the agreement, which sets forth the organization's accounting practices, provides that "[t]he books shall be kept on a calendar year basis and shall be closed and balanced at the end of each calendar year". Thus, reading the parties' agreement as a whole, it is clear that in terms of excess compensation, defendant was only entitled to 50% of the excess cash

receipts both attributable to his professional services and actually received by the organization by the end of calendar 1994. Accordingly, defendant's third counterclaim should be dismissed.

Defendant next contends that Supreme Court abused its discretion by staying execution of the judgment awarded with respect to his first counterclaim. Pursuant to CPLR 3212 (e), Supreme Court was vested with the discretion to impose such conditions upon the partial grant of summary judgment to defendant, including a stay of execution pending resolution of the remaining claims or counterclaims, as to avoid possible prejudice, financial or otherwise, to plaintiff (see, Stigwood Organisation v Devon Co., 44 NY2d 922, 923). Although Supreme Court did not elaborate as to its reasons for imposing the stay of execution, based upon our review of the record as a whole we cannot say that no "articulable reason" exists for concluding that plaintiff might be prejudiced absent the stay. Plaintiff averred that during the relevant time period, she loaned defendant approximately $15,000 and guaranteed certain of his personal obligations. Additionally, plaintiff is seeking a minimum of $59,000 on her fourth cause of action against defendant.* Under these circumstances, we cannot say that Supreme Court abused its discretion in imposing the stay. Defendant's remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by awarding plaintiff summary judgment dismissing defendant's third counterclaim, and, as so modified, affirmed.

---

* In this regard, we reject defendant's assertion that this cause of action should be dismissed because the underlying alleged oral contract is void for lack of consideration and/or mutuality of obligation.