■ JOSEPH BARTFIELD, Respondent, v RMTS ASSOCIATES, L. L. C., Appellant. (Action No. 1.) JAMES B. MURPHY, Plaintiff, v THOMAS J. AXON, Defendant and Counterclaim Appellant. JOSEPH BARTFIELD et al., Counterclaim Defendants-Respondents. (Action No. 2.) [726 NYS2d 618] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered April 18, 2000, which, upon orders, same court and Justice, entered April 5, 2000 and on or about April 17, 2000, granting Action No. 1 plaintiff Bartfield's cross motion for summary judgment on his breach of contract claim and directing the court to enter judgment in favor of Bartfield and to dismiss RMTS's affirmative defense and counterclaim, awarded Bartfield $292,500 plus interest to be recovered from defendant RMTS and dismissed RMTS's affirmative defense and counterclaim, unanimously modified, on the law, to vacate that portion of said judgment dismissing RMTS's counterclaim in light of the portion of the subsequent order of the same court and Justice, entered October 20, 2000, which, upon reargument, denied that portion of plaintiff's previously granted cross mo-

tion seeking summary judgment dismissing RMTS's counterclaim, and otherwise affirmed, without costs. Appeals from orders entered April 5, 2000 and on or about April 17, 2000, unanimously dismissed, without costs. Order, same court and Justice, entered October 20, 2000, which, to the extent appealed from, denied RMTS's motion for renewal and denied RMTS's motion to stay enforcement of the judgment in favor of Bartfield, unanimously modified, on the law and the facts, to stay execution of judgment on the breach of contract claim pending determination of the counterclaim, and otherwise affirmed, without costs.

The court properly concluded that Bartfield was entitled to summary judgment on his breach of contract claim, since the plain language of the Agreement establishes that RMTS was obligated to repurchase Bartfield's equity interest upon the termination of his relationship with RMTS, regardless of the reason for the termination and regardless of whether any of his purchase price had been paid. Moreover, the Note reiterates that payments due under that document would cease upon the termination of Bartfield's relationship with RMTS. The contract provision that Bartfield "devote[d] his full time and effort" to the business of RMTS, is not a "condition precedent" to the repurchase obligation but merely a recognition that Bartfield was giving up his private law practice "subject to his right to continue to represent a few (no more than 5) of his current clients on a part time basis." Appellant's attempts to inject extrinsic evidence are unavailing, since the intention of the parties is clear from the plain language of the two documents.

The court properly awarded Bartfield the full amount of the repurchase price, notwithstanding the Agreement's provision for the payment of monthly installments, and, in any event, the 16-month repayment period that would have applied has expired.

The court properly determined that prejudgment interest was to be awarded from September 13, 1999, which is the undisputed date on which RMTS repudiated its repurchase obligation.

Since the court eventually reinstated RMTS's counterclaim, concluding that factual issues exist "as to whether Bartfield overdrew $200,000 of RMTS's funds prior to his resignation and as to whether he has an obligation to reimburse RMTS for such monies," we exercise our discretion and direct a stay of the execution of the judgment on the breach of contract claim pending determination of the counterclaim (CPLR 3212 [e] [2]).

We have considered the other arguments raised by RMTS in

its appeal from the order disposing of its motion seeking, *inter alia,* renewal and find them to be without merit. Concur— Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.