■ INTERSTATE EQUIPMENT CORPORATION, Appellant, v JOHN BELL, Respondent. [733 NYS2d 763] —Rose, J. Appeal from an order of the Supreme Court (Williams, J.), entered September 13, 2000 in Saratoga County, which, *inter alia*, denied plaintiff's motion to dismiss defendant's counterclaims.

Plaintiff commenced this action to recover payment of a

$30,000 debt owed by defendant, who, in turn, asserted certain counterclaims. Supreme Court granted plaintiff's motion for summary judgment and entered a judgment in the amount of $24,157.88 representing the amount of the debt—plus interest, costs and disbursements—minus the $18,253.52 alleged in the counterclaims. By virtue of its docketing in Saratoga County, this judgment created a lien against defendant's real property located therein (see, CPLR 5203 [a]). More than five years later, defendant filed for chapter 13 bankruptcy protection and, in that proceeding, plaintiff asserted a claim as a secured creditor for the amount of its judgment. The bankruptcy trustee ultimately paid plaintiff $34,159.25 and defendant obtained a discharge. Plaintiff then moved to dismiss the counterclaims pursuant to CPLR 3216 for defendant's failure to serve and file a note of issue in response to plaintiff's 90-day demand. When defendant cross-moved for dismissal of all claims, Supreme Court denied plaintiff's motion and granted the cross motion. Plaintiff appeals.

We find merit in plaintiff's initial contention that defendant's counterclaims should have been dismissed for failure to prosecute. There is no dispute that plaintiff demanded the resumption of prosecution pursuant to CPLR 3216 (b), and the record reveals no action on defendant's part to comply with that demand, seek judicial relief from it or address the issue in his cross motion. Accordingly, we must agree that Supreme Court erred in denying plaintiff's motion (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3216:9, at 638).

We also find that Supreme Court erred in dismissing the entire action, but not for the reason argued by plaintiff. Although, as defendant concedes, plaintiff's judgment lien survived the bankruptcy discharge of defendant's personal liability (see, Carman v European Am. Bank & Trust Co., 78 NY2d 1066, 1067-1068; Bank of New York v Magri, 226 AD2d 412; see also, 11 USC § 524 [a] [1]), the amount secured by that lien before plaintiff received payment in the bankruptcy proceeding was $24,157.88 as stated in the judgment, and not the $42,411.40 now claimed by plaintiff. Although this larger amount would have been secured if Supreme Court had not subtracted the amount alleged in defendant's counterclaims, the judgment was for only the net amount. Significantly, Supreme Court did not elect the alternative of granting a judgment for the entire amount while staying execution pending determination of the counterclaims (see, CPLR 3212 [e] [2]; Bartfield v RMTS Assocs., 283 AD2d 240, 241; Moody v Mona-

*celli*, 225 AD2d 926, 928). Plaintiff then lost its entitlement to a judgment for the additional amount by failing to seek dismissal of the counterclaims before the entire debt had been discharged in bankruptcy. Since plaintiff's claim was fully adjudicated upon its earlier motion for summary judgment and the counterclaims should have been dismissed on plaintiff's recent motion, Supreme Court should have denied defendant's cross motion on the ground that the action had been concluded and no justiciable claims remained.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, plaintiff's motion granted, defendant's cross motion denied, and counterclaims dismissed.