OPINION OF THE COURT
Memorandum.
The judgment appealed from and order of the Appellate *1067 Division brought up for review should be modified, with costs to defendant, by reversing so much thereof as affirmed the order of the Supreme Court which granted plaintiff an unqualified discharge of a docketed judgment and by substituting therefor a qualified discharge, and the judgment and order should otherwise be affirmed.
Plaintiff, whose personal liability for preexisting debts was discharged in a Federal bankruptcy proceeding, commenced this action under Debtor and Creditor Law § 150 for an order directing that "a discharge * * * be marked on the docket of [a] judgment” previously obtained against him by defendant. In response to plaintiff’s request for relief on this claim, defendant, which holds a lien on plaintiff’s real property as a result of its judgment, cross-moved for an order dismissing the cause of action or, in the alternative, granting plaintiff only a "qualified discharge.” The latter request was premised on Debtor and Creditor Law § 150 (4) (h), which provides: "[I]f it appears that the judgment was a lien on * * * real property and it is not established to the satisfaction of the court that the lien was invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee, the order shall direct that a qualified discharge be marked on the docket of the judgment” (emphasis supplied). A "qualified” discharge, as distinguished from an unqualified discharge, serves as notice to third parties that, notwithstanding the debtor-owner’s discharge in bankruptcy, the property may, nonetheless, still be burdened by liens.
Thus, where the judgment in question is secured by a lien on real property, the debtor seeking to have the docket marked with an "unqualified discharge” has the burden of establishing, to the satisfaction of the court, that the lien was actually abrogated or nullified in the bankruptcy proceeding. As a matter of law, plaintiff failed to meet this burden.
PláintifFs only salient submission in support of his claim was the judgment of the Federal Bankruptcy Court, which discharged him from personal liability for his preexisting debts. It is elementary, however, that liens and other similar secured interests ordinarily survive bankruptcy (see, e.g., Farrey v Sanderfoot, 500 US —, —, 114 L Ed 2d 337, 345; Long v Bullard, 117 US 617; Matter of Tarnow, 749 F2d 464, 465-466). Moreover, a creditor need not object to the bankrupt’s discharge in order to preserve its lien, since the discharge does not affect the lien. Thus, contrary to plaintiff’s contention, his discharge in bankruptcy did not, in itself, vitiate defendant’s *1068 right to enforce its lien (see, 11 USC § 524 [a] [1]; 3 Collier, Bankruptcy ¶ 524.01 [3] [15th ed]), even though defendant did not raise objection to the discharge.
Nor was defendant’s lien affected by the homestead exemption that was applied to the property without objection by defendant. Under section 522 (b) (2) (A) of the Federal Bankruptcy Code (11 USC § 522 [b] [2] [A]), plaintiff was entitled to claim the exemption for a "homestead” that New York State law allows (see, CPLR 5206). Moreover, in the absence of a timely objection from defendant or some other interested third party, plaintiff’s claim for an exemption would be deemed valid without more (see, 3 Collier, Bankruptcy, op. cit., If 522.26, at 522-82). However, plaintiff’s successful invocation of the homestead exemption did not automatically extinguish defendant’s lien against the property. To the contrary, despite the exemption, a lien against the exempt realty remains valid (see, Farrey v Sanderfoot, supra, at —, at 345; Long v Bullard, supra), unless the debtor takes affirmative steps to avoid it by making an application under section 522 (f) (1) of the Federal Bankruptcy Code (see, Bankruptcy Rule 4003). Indeed, complete dissolution of the lien is not assured even when the debtor does invoke section 522 (f) (1), since that statute authorizes the lien’s invalidation only "to the extent” that it impairs the exemption. If the debtor’s equity interest in the property equals or exceeds the maximum allowable homestead exemption after the amount of the lien is subtracted, the lien may still be valid (see, e.g., In re Dixon, 885 F2d 327; see also, In re Fitzgerald, 729 F2d 306).
Inasmuch as plaintiff did not demonstrate that he took such affirmative steps to initiate a proceeding under section 522 (f) (1), he failed to meet his burden of "establishing] to the satisfaction of the court that [defendant’s] lien was invalidated or surrendered in the bankruptcy proceedings” (Debtor and Creditor Law § 150 [4] [b]). Accordingly, he is entitled only to a "qualified discharge” (id.).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Judgment appealed from and order of the Appellate Division brought up for review modified, with costs to defendant, in accordance with the memorandum herein and, as so modified, affirmed.