■ In the Matter of ACQUISITIONS PLUS, LLC, as Assignee of DONOHUE & HIGGINS CANDY, Appellant, v CRAIG SHAPIRO, Respondent. (Proceeding No. 1.) [776 NYS2d 522]—

Carpinello, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered February 11, 2003 in Saratoga County, which, (1) in proceeding No. 1 pursuant to CPLR article 52, upon reargument, granted respondent's motion to dismiss the petition, (2) in proceeding No. 2 pursuant to CPLR article 52, inter alia, dismissed the petition, and (3) in proceeding No. 3 pursuant to Debtor and Creditor Law § 150, inter alia, granted petitioners' cross motion for an order directing that a discharge

of record be marked on the judgment previously entered against them.

In 1997, the assignor of Acquisition Plus, LLC filed a judgment in the Saratoga County Clerk's office in the amount of $21,537.61 against Craig Shapiro and Jennifer Shapiro. At that time, the judgment became a lien against their Saratoga County residence. Shortly thereafter, the Shapiros jointly filed a petition in bankruptcy. No application was made in the context of the bankruptcy proceeding to invalidate the judgment lien. Importantly, however, Acquisition's assignor filed a proof of claim in the bankruptcy proceeding which, although referencing the judgment, was filed as an *unsecured* proof of claim. Moreover, Acquisition's assignor received and cashed a check from the bankruptcy trustee in the amount of $888.82 representing its pro rata portion of the distribution to all unsecured creditors.

After the conclusion of the bankruptcy proceeding, the instant proceedings were filed, all of which revolve around the issue of whether the judgment remains a lien against the Shapiros' residence. These proceedings were resolved by an order of Supreme Court which found that the filing of the unsecured proof of claim and the acceptance of the distribution to unsecured creditors were acts which constituted a surrender of the lien. Thus, the court ordered the judgment discharged. Acquisition appeals and we now affirm.

First, we reject Acquisition's argument that the Shapiros' cross motion for summary judgment in proceeding No. 3 should have been denied because issue had not yet been joined. The record is clear that Supreme Court properly notified both sides that Acquisition's CPLR 3211 motion would be treated as a motion for summary judgment and invited any additional submissions that the parties deemed appropriate. Having been given such notice and opportunity to respond, no further submissions were made. Since Supreme Court adopted the precise procedure outlined in the statute, we perceive no procedural infirmity (*see* CPLR 3211 [c]; *see also Wadsworth v Beaudet*, 267 AD2d 727, 729-730 [1999]).

Turning to the merits, we begin with the axiom that a discharge in bankruptcy is a discharge from personal liability only and, without more, does not have any effect on a judgment lien (*see Carman v European Am. Bank & Trust Co.*, 78 NY2d 1066, 1067 [1991]). However, it is also true that a secured creditor may "surrender" or waive its security and elect to pursue its claim as unsecured. "[P]articipation by a secured creditor in distributions [intended for unsecured creditors] . . . indicates a

waiver of the security and an election to be treated as an unsecured creditor" (*United States Natl. Bank in Johnstown v Chase Natl. Bank of N.Y. City*, 331 US 28, 35 [1947]). Here, the combined acts of filing an unsecured proof of claim and participating in the distribution to unsecured creditors constitutes a surrender of the judgment's secured status by Acquisition's assignor (*see Matter of Callan*, 129 Misc 2d 7 [1985]; *compare Matter of Melita v State Bank of Albany*, 124 AD2d 282 [1986], *lv denied* 69 NY2d 605 [1987] [filing of unsecured proof of claim alone insufficient to constitute surrender]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.