■ NELSON, L.P., Respondent, v JOSEPH JANNACE et al., Appellants. [929 NYS2d 592]—

In an action, inter alia, for specific performance of two real estate contracts, Nelson, L.P. (hereinafter Nelson), obtained a decision in its favor after a trial. Prior to entry of the judgment, the defendant Joseph Jannace filed a petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York. On June 27, 2000, the Supreme Court entered a judgment in this action against the defendant Jane Woods only. Subsequently, Woods filed for bankruptcy, and received a discharge in bankruptcy a few months later.

In Jannace's bankruptcy case, a December 5, 2000, order of the Bankruptcy Court stated:

"Ordered, that the automatic stay against proceedings against the Debtor and against the property known as 284 Old Country Road, Hicksville, New York, pursuant to 11 U.S.C. § 362 shall be, and hereby is, terminated ab initio, provided, however, that the collection or enforcement of any money judgments against the Debtor in favor of Nelson[ ] shall remain subject to the automatic stay and shall not be enforced without prior order and consent of this Court; and, it is further

"Ordered, that the limitation upon the New York State Supreme Court for the County of Nassau and upon the Nassau County Clerk contained in this Court's prior Order dated October 6, 2000 declaring that judgments in favor of Nelson[ ] against the Debtor may not be recorded in New York Supreme Court, Nassau County proceeding Index No. 96/020145 until further order of this Court, is hereby vacated."

On January 25, 2001, the Supreme Court issued an amended judgment against the defendants, ordering that the two judgments constituted a single judgment with joint and several liability. Jannace received a discharge in bankruptcy a few months later.

In 2009 Nelson moved pursuant to CPLR 5014 (1) for a renewal judgment, extending the lien on the defendants' real property for an additional 10 years. The defendants cross-moved pursuant to Debtor and Creditor Law § 150 to direct that a discharge of record be marked upon the docket of the judgment entered June 27, 2000, as amended January 25, 2001. The Supreme Court granted the motion and denied the cross motion. The defendants appeal.

Judgment was properly entered against Woods prior to her bankruptcy filing. Contrary to the defendants' contention, the amended judgment was properly entered after the Bankruptcy Court terminated ab initio the automatic bankruptcy stay of actions against Jannace and permitted entry of the judgment. The docketing of the money judgment, by operation of law, created a lien on the defendants' real property within the county (see CPLR 5018 [a]; 5203; Gihon, LLC v 501 Second St., LLC, 29 AD3d 629 [2006]). Since a lien is valid for 10 years (see CPLR 5203 [a]), while a money judgment is viable for 20 years (see CPLR 211 [b]), CPLR 5014 permits a judgment creditor to apply for a renewal of the judgment lien for an additional 10-year period (see Gletzer v Harris, 12 NY3d 468, 473 [2009]). The Supreme Court properly granted Nelson's motion pursuant to CPLR 5014 (1) for a renewal judgment, despite the defendants' discharge in bankruptcy.

"[A] discharge in bankruptcy is a discharge from personal li-

ability only and, without more, does not have any effect on a judgment lien" (*Matter of Acquisitions Plus, LLC v Shapiro*, 7 AD3d 957, 958 [2004]; 11 USC § 524 [a] [1]). Judgment liens and other secured interests ordinarily survive bankruptcy (*see Carman v European Am. Bank & Trust Co.*, 78 NY2d 1066 [1991]; *McArdle v McGregor*, 261 AD2d 591 [1999]; *Bank of N.Y. v Magri*, 226 AD2d 412 [1996]; *see also Farrey v Sanderfoot*, 500 US 291, 297 [1991]). Moreover, a creditor need not object to the debtor's discharge in bankruptcy in order to preserve its lien, since the discharge does not affect the lien (*see Carman v European Am. Bank & Trust Co.*, 78 NY2d 1066 [1991]; *McArdle v McGregor*, 261 AD2d 591 [1999]).

When the defendants received discharges in bankruptcy, their personal liability to the plaintiff on the judgment was discharged (*see* 11 USC § 524 [a] [1]). However, the defendants did not meet their burden of establishing that the liens on their real property were invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee. Accordingly, they were entitled only to a qualified discharge (*see* Debtor and Creditor Law § 150 [4] [b]; *Carman v European Am. Bank & Trust Co.*, 78 NY2d 1066 [1991]; *Bank of N.Y. v Magri*, 226 AD2d 412 [1996]; *Matter of Leonard v Brescia Lbr. Corp.*, 174 AD2d 621 [1991]). "A 'qualified' discharge, as distinguished from an unqualified discharge, serves as notice to third parties that, notwithstanding the debtor-owner's discharge in bankruptcy, the property may, nonetheless, still be burdened by liens" (*Carman v European Am. Bank & Trust Co.*, 78 NY2d at 1067).

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.