[13 NYS3d 163]

DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for RALI 2002QS6, Respondent, v STEFANOS VITELLAS et al., Appellants, et al., Defendants.

Second Department, July 1, 2015

## APPEARANCES OF COUNSEL

*Sacco & Fillas, LLP*, Astoria (*Si Aydiner* and *Elias N. Fillas* of counsel), for appellants.

*Hinshaw & Culbertson LLP*, New York City (*Benjamin S. Noren* and *Schuyler B. Kraus* of counsel), for respondent.

## OPINION OF THE COURT

COHEN, J.

Under New York law, in order to have standing to commence a foreclosure action, a plaintiff generally must be the holder or assignee of the note which the mortgage secures. On this appeal, we are asked to consider whether a note discharged in bankruptcy can be subsequently assigned, with the mortgage passing incident thereto, so as to convey standing to the as-

signee. For the reasons that follow, we answer the question in the affirmative. Although a bankruptcy discharge extinguishes a debtor's personal liability on a mortgage note, it does not impair a creditor's right to assign that note, and an assignee who holds the discharged note and mortgage has standing to bring a foreclosure action and seek payment through the sale of the mortgaged property. Accordingly, even if the note at issue in this case was assigned or delivered to the plaintiff after it was discharged in bankruptcy, a fact which is not clear from this record, the defendant homeowners failed to establish their entitlement to dismissal of the complaint on the ground that the plaintiff lacked standing.

Factual and Procedural Background

On April 1, 2002, the defendant Stefanos Vitellas (hereinafter Stefanos) executed a promissory note by which he agreed to repay the sum of $560,000, with interest, to Lyons Mortgage Services, Inc. (hereinafter Lyons). As security for the note, both Stefanos and his wife, Maria Vitellas (hereinafter together the defendants), executed a mortgage on their premises in Douglaston, Queens. Two years later, on May 1, 2004, Stefanos filed for bankruptcy protection under chapter 7 of the United States Bankruptcy Code (11 USC). In Schedule D of his bankruptcy petition, Stefanos listed the subject mortgage as a secured claim against the premises, identifying Homecomings Financial, the servicer of the Lyons loan, as the creditor. According to the defendants, although Homecomings Financial was served with the bankruptcy petition and notices, it did not appear in the bankruptcy proceeding or otherwise object to Stefanos's discharge. Stefanos was subsequently granted a discharge in bankruptcy by order dated October 14, 2004.

Stefanos allegedly defaulted on his payment obligations under the note by failing to make the monthly payment due on March 1, 2010, and all subsequent payments due thereafter. More than two years after Stefanos's alleged default, by summons and complaint filed on July 16, 2012, the plaintiff Deutsche Bank Trust Company Americas, as trustee for RALI 2002QS6 (hereinafter Deutsche Bank), commenced the instant action to foreclose the mortgage on the defendants' premises. In its complaint, Deutsche Bank alleged that the subject mortgage was assigned to it in a written assignment dated February 8, 2011, which was recorded on March 1, 2011. Deutsche Bank also alleged that the mortgage was "further assigned" to it by a second written assignment dated March 7,

2012, which was recorded on March 26, 2012. Although the complaint did not set forth any factual details regarding assignment of the underlying note, it generally alleged that Deutsche Bank "is holder of the subject note and mortgage, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note."

Notably, in its summons, Deutsche Bank specifically acknowledged its awareness that Stefanos had sought bankruptcy protection by stating that, in the event Stefanos had obtained an order of discharge from the Bankruptcy Court, Deutsche Bank would not seek a money judgment, but only a foreclosure and sale of the mortgaged premises. However, the ad damnum clause in the complaint demanded that Stefanos be "adjudged to pay any deficiency."

The defendants filed a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) on the ground that Deutsche Bank lacked standing to maintain a foreclosure action, and could not seek a deficiency judgment against Stefanos in view of his bankruptcy discharge. In support of their motion, the defendants noted that Stefanos had been granted a bankruptcy discharge by order dated October 14, 2004, and submitted that order as an exhibit. Although the defendants conceded that a creditor's in rem right to foreclose a mortgage on real property survived a bankruptcy discharge, they argued that since the discharge had extinguished Stefanos's personal liability on the note, the note was no longer valid and legally operable at the time the written assignments of the mortgage were made in February 2011 and March 2012. The defendants then contended that "New York law requires the assignment of a valid note *and* mortgage before an assignee has standing to foreclose" (emphasis in original) and, thus, that the assignment of a note that was unenforceable could not convey standing.

Deutsche Bank opposed the motion to dismiss, and cross-moved to amend its complaint pursuant to CPLR 3025 (b). Addressing the defendants' contentions, Deutsche Bank maintained that it had standing because both the note and mortgage had actually been physically delivered to it on March 25, 2004, more than one month before Stefanos sought bankruptcy protection, and more than six years before the commencement of the action. To substantiate its claim, Deutsche Bank submitted the affidavit of Jaime M. Sperbeck, an officer of its loan servicer, GMAC Mortgage, LLC. In her affidavit, Sperbeck

averred that, based on her review of business records relating to the servicing of the loan, both the note and mortgage were delivered to Deutsche Bank on March 25, 2004, and Deutsche Bank remained in possession of the note and mortgage at the time of the commencement of the action on July 16, 2012.

Deutsche Bank further contended that Stefanos's bankruptcy discharge did not impair its ability to seek foreclosure. In this regard, Deutsche Bank pointed out that the United States Supreme Court had held in *Johnson v Home State Bank* (501 US 78, 84 [1991]) that, while a bankruptcy discharge extinguishes the personal liability of a debtor, the mortgage holder still retains a " 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." Deutsche Bank maintained that, as the "holder of the loan interest by physical delivery of the note and mortgage," it had the right to foreclose that interest, because the bankruptcy discharge only extinguished Stefanos's personal liability under the note, and not the note itself. Deutsche Bank reasoned that while Stefanos was no longer personally liable, the note itself "still forms the basis for the agreement which is secured by the mortgage," and to contend otherwise "would mean that *in rem* relief cannot be sought."

Deutsche Bank also briefly noted that it was seeking leave to amend the complaint to clarify that it would not be seeking a deficiency judgment against Stefanos if he had obtained a valid discharge in bankruptcy.

In reply, the defendants argued that the Sperbeck affidavit was insufficient to prove that Deutsche Bank in fact had possession of the note on March 25, 2004, prior to the bankruptcy discharge. In support of their position, they asserted that the Sperbeck affidavit was deficient because it simply "amorphously referenced 'Records,' " without identifying those records, and failed to annex documents "manifesting or otherwise buttressing the conclusion" that Deutsche Bank was assigned the subject note "pre-discharge in March 2004." The defendants further submitted that there would have been no reason for the mortgage to have been assigned to Deutsche Bank in February 2011, and again in March 2012, as alleged in the complaint, if the note and mortgage had already been physically delivered. The defendants also continued to maintain that while "the right to foreclose survives bankruptcy discharge, the *ability to subsequently assign that mortgage* under New York law is impaired because there is no legally valid interest in a note accompanying it as required" (emphasis in original).

In an order dated January 11, 2013, the Supreme Court granted the defendants' motion to dismiss the complaint, and denied, as academic, Deutsche Bank's cross motion to amend the complaint. The court reasoned that since the defendants had raised the defense of lack of standing, Deutsche Bank was required to demonstrate its standing to prosecute this action, but that Deutsche Bank had failed to do so because it had not submitted any evidence to demonstrate either a written assignment or physical delivery of the note. The Supreme Court did not address the issues arising from, or the arguments made by the parties relating to, the bankruptcy discharge.

Deutsche Bank's Motion for Reargument and Renewal

Deutsche Bank promptly moved for leave to renew and reargue its opposition to the defendants' motion, and its cross motion. In support of its request for reargument, Deutsche Bank contended that the Supreme Court had apparently overlooked the Sperbeck affidavit, which provided evidence that the note was physically delivered to it on March 25, 2004, prior to the bankruptcy discharge. Although Deutsche Bank maintained that the Sperbeck affidavit was sufficient to establish that the note was delivered into its possession prior to the commencement of the action, in support of its request for renewal, it also submitted a copy of the subject note. An allonge affixed to the note endorsed it to Deutsche Bank. Deutsche Bank also noted that since its cross motion to amend the complaint had been denied as academic, upon reargument or renewal, the cross motion should be reconsidered.

In opposition, the defendants argued that Deutsche Bank was not entitled to reargument because the Supreme Court had not misapprehended or overlooked any facts in determining that Deutsche Bank had failed to demonstrate standing arising from its possession of the note and mortgage. The defendants further maintained that Deutsche Bank was not entitled to renewal because it did not offer any facts demonstrating a reasonable justification for failing to submit the "new" evidence consisting of the subject note. In this regard, the defendants pointed out that the note had clearly already been in Deutsche Bank's "possession, custody, and control at the time it opposed [the] defendants' motion to dismiss." In any event, the defendants pointed out that, while the note contained an allonge endorsing it to Deutsche Bank, it is "neither dated nor has Deutsche Bank provided an affidavit from an employee with personal knowledge providing adequate foundation to

show standing to foreclose." The defendants contended that the Sperbeck affidavit could not remedy this deficiency because it provided no details concerning the records Sperbeck reviewed, and contradicted the complaint, which alleged that the mortgage was assigned to Deutsche Bank in February 2011, and again in March 2012.

In the alternative, the defendants argued that, in the event the court were to grant reargument and find sufficient evidence of assignment of the note, it "should consider the substantive argument advanced by defendants in the underlying motion to dismiss," i.e., that Deutsche Bank cannot foreclose following an assignment of a note previously discharged in the bankruptcy proceeding.

In reply, Deutsche Bank continued to maintain that the Supreme Court's January order mistakenly found that it did not submit proof of standing. It argued that the Sperbeck affidavit sufficiently established Deutsche Bank's standing, and there was "no requirement" that it, "in addition to its testimonial evidence, describe the records upon which [Sperbeck's] testimony is based or establish the admissibility of said records."

The Order Appealed From

The Supreme Court granted leave to reargue and, in effect, denied, as academic, that branch of Deutsche Bank's motion which was for renewal. Upon reargument, the court, in effect, vacated the portion of the January order granting the defendants' motion to dismiss and thereupon denied that motion. The court found that Deutsche Bank, through the submission of the Sperbeck affidavit, had "met its burden of establishing standing for the purposes of overcoming [the defendants'] motion to dismiss" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 39 Misc 3d 1222[A], 2013 NY Slip Op 50698[U], *3 [Sup Ct, Queens County 2013]). The court rejected the defendants' argument that Deutsche Bank could not foreclose on a note that was previously discharged in a bankruptcy proceeding, reasoning that while the bankruptcy discharge extinguished the personal obligation under the promissory note, it "did not eliminate [Deutsche] [B]ank's security interest against the property" (*id.*). The court also granted the cross motion to amend the complaint.

The defendants appeal from so much of the order as, upon reargument, denied their motion to dismiss the complaint. We affirm the order insofar as appealed from.

Analysis

The primary issue raised on this appeal is whether Deutsche Bank has standing to foreclose in the instant action. In a mortgage foreclosure action, a plaintiff has standing where it is the holder of both the mortgage and the underlying note when the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014], *affd* 25 NY3d 355 [2015]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]). However, "the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law" because the transfer in full of the underlying obligation "automatically transfers the mortgage as well unless the parties agree that the transferor is to retain the mortgage" (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). Thus, once the note is transferred, "the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Flagstar Bank, FSB v Anderson*, 129 AD3d 665 [2d Dept 2015]). Accordingly, a plaintiff's standing may generally be demonstrated by showing "[e]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see also Flagstar Bank, FSB v Anderson*, 129 AD3d 665 [2d Dept 2015]). An assignment of the mortgage alone is insufficient to convey standing, as "an assignment of the mortgage without assignment of the underlying note or bond is a nullity" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636, 637 [2011]).

We have repeatedly noted that, on a plaintiff's summary judgment motion, or at trial, where a plaintiff's standing is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see e.g. Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830 [2d Dept 2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773 [2015]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]). This case, however, arises in a different procedural posture. Here, the defendants made a pre-answer motion to dismiss on the ground that Deutsche Bank lacked standing to maintain this action. In such circumstances, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of stand-

ing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied (*see U.S. Bank N.A. v Guy*, 125 AD3d 845, 847 [2015]; *J.P. Morgan Chase Bank, N.A. v Coleman*, 119 AD3d 841, 842 [2014]; *HSBC Mtge. Corp. [USA] v MacPherson*, 89 AD3d 1061, 1062 [2011]). To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing (*see U.S. Bank N.A. v Guy*, 125 AD3d at 847; *US Bank N.A. v Faruque*, 120 AD3d 575, 578 [2014]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 683).

Applying this standard here, the defendants, as the moving parties, failed to make a prima facie showing that Deutsche Bank lacked standing. The defendants have never claimed that Deutsche Bank was not the holder or assignee of the note prior to the commencement of this action. Rather, the core of the defendants' motion to dismiss was, in essence, that because the complaint specifically alleged that written assignments of the mortgage were made on February 8, 2011 and March 7, 2012, years after Stefanos was granted a discharge in bankruptcy on October 14, 2004, it followed that the note must necessarily have been discharged prior to its assignment. The defendants essentially acknowledge that a party holding a note prior to a bankruptcy discharge would have been entitled to maintain a foreclosure action, and do not dispute that a foreclosure action commenced by Lyons or Homecomings Financial would have been proper. Indeed, the defendants frame the issue presented on this appeal as being simply "whether the ability to subsequently assign the right to foreclose is impaired because no legally cognizable debt interest can be transferred as required under New York law."

However, the defendants offered no evidence to establish that the note was, in fact, assigned or delivered to Deutsche Bank after the bankruptcy discharge. To the contrary, the defendants merely presumed that this was the case because the complaint alleged that written assignments of mortgage were made in 2011 and 2012. Thus, there is no evidentiary support for the factual predicate upon which the motion to dismiss was made. In any event, in opposition to the motion, Deutsche Bank, through the Sperbeck affidavit, raised a question of fact as to whether the note was physically delivered into its custody prior to the bankruptcy discharge, as well as prior to the commencement of this action. That affidavit specifically alleged

that the note was delivered to Deutsche Bank's custodian on March 25, 2004, which is prior to the date Stefanos filed for bankruptcy protection on May 1, 2004, and prior to the date of the discharge on October 14, 2004. We reject the defendants' contention that the Sperbeck affidavit should have been given no weight because it contradicts the allegations of the complaint. Although the affidavit varies from the statements contained in the complaint as to when the mortgage was assigned to Deutsche Bank, the statements in the Sperbeck affidavit regarding when Deutsche Bank came into possession of the note are not at odds with the complaint. The complaint does not set forth precisely when Deutsche Bank came into possession of the note; rather, it simply alleges that it was in possession of the note prior to the commencement of the action. Thus, the Sperbeck affidavit was, at minimum, sufficient to raise a question of fact as to whether the note was physically delivered to Deutsche Bank prior to the bankruptcy discharge and prior to the commencement of this action, and to thus defeat the defendants' motion to dismiss the complaint, which was made on the ground that Deutsche Bank lacked standing (*see US Bank N.A. v Faruque*, 120 AD3d at 578; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 683).

Furthermore, the defendants' argument lacks merit even if the note was assigned or delivered post-bankruptcy. The defendants maintain that the note was not assignable after Stefanos received his bankruptcy discharge because, upon discharge, he no longer was in debt, and thus the note was "extinguished." They support their reasoning with language from the Court of Appeals 1867 decision in *Merritt v Bartholick* (36 NY 44 [1867]). In that case, the Court of Appeals stated that, since "a mortgage is but an incident to the debt which it is intended to secure . . . the logical conclusion is, that a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it" (*id.* at 45 [citations omitted]). However, the defendants misconstrue this language, which was quoted by this Court in *Bank of N.Y. v Silverberg* (86 AD3d at 280). As we explained in *Silverberg*, a plaintiff generally has standing "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*id.* at 279). Contrary to the defendants' position, it is clear that the Court of Appeals intended, by the precept, "a transfer of the mortgage without the debt is a nullity," that a transfer of the mortgage alone,

without the accompanying note, is a nullity. It does not, as the defendants argue, mean that the note must be "collectable" and "payable" at the time of transfer.

*Silverberg* is one of many cases which have held or stated that, as a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note, but that the assignment of the mortgage alone carries with it no rights to enforce the debt (*see e.g. Merritt v Bartholick*, 36 NY at 45; *MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745, 746 [2014]; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911-912 [2013]; *Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636, 637 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *Kluge v Fugazy*, 145 AD2d 537, 538 [1988]; *Flyer v Sullivan*, 284 App Div 697, 698 [1954]). A "mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation" (*FGB Realty Advisors v Parisi*, 265 AD2d 297, 298 [1999]). Indeed, the *Silverberg* opinion also points out that standing "requires an inquiry into whether a litigant has 'an interest . . . in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request' " (*Bank of N.Y. v Silverberg*, 86 AD3d at 279, quoting *Caprer v Nussbaum*, 36 AD3d 176, 182 [2006]). If, as the defendants allege, a postdischarge note cannot be assigned because it has no value, then the same logic would prevent a foreclosure of the mortgage because the "debt" has not survived the discharge. This is a misstatement of the law.

■ A mortgage secures an obligation (*see Citibank, N.A. v Herman*, 125 AD3d 587 [2015]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]). However, it is not necessary that an obligation involve personal liability in order for a mortgage to remain valid after a bankruptcy discharge. Here, Stefanos obtained a personal discharge in bankruptcy; thus, his personal liability for the obligation was released (*see Johnson v Home State Bank*, 501 US at 84). This did not affect the mortgage securing the note. Post-bankruptcy, the mortgage still secures an obligation; it is simply no longer personal, but in rem (*see id.* at 83). A discharge in bankruptcy is a discharge from personal liability only and, without more, does not affect a lien (*see id.* at 82-83; *McArdle v McGregor*, 261 AD2d 591, 592 [1999]; *In re Endlich*, 47 BR 802, 805 [ED NY 1958];

*see also Carman v European Am. Bank & Trust Co.*, 78 NY2d 1066, 1067 [1991]; *Nelson, L.P. v Jannace*, 87 AD3d 731, 732-733 [2011]; *Matter of Acquisitions Plus, LLC v Shapiro*, 7 AD3d 957, 958 [2004]). Although a bankruptcy discharge extinguishes one mode of enforcing a note—namely, an action against the debtor in personam, it leaves intact another—namely, an action against the debtor in rem (*see Johnson v Home State Bank*, 501 US at 84-86; *Nelson, L.P. v Jannace*, 87 AD3d at 733; *McArdle v McGregor*, 261 AD2d at 592). As the United States Supreme Court explained in *Johnson v Home State Bank*:

> "A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes *only* 'the personal liability of the debtor.' . . . [T]he Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy" (*Johnson v Home State Bank*, 501 US at 82-83 [citations omitted]).

Thus, "even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property" (*id.* at 84).

Taken to its logical conclusion, the defendants' argument would preclude any mortgagee from foreclosing in rem after a debtor's discharge in bankruptcy because a note is extinguished in bankruptcy, giving the debtor broader relief than he or she is entitled to under the Bankruptcy Code. Since the bankruptcy discharge did not impair Deutsche Bank's right to commence an action against Stefanos in rem to seek payment from the proceeds of a foreclosure sale, we hold that if Deutsche Bank establishes that it was the holder or assignee of the subject note prior to the commencement of this action, it has an interest in the action sufficient to confer standing.

Finally, "an assignee of a mortgage takes it subject to the equities attending the original transaction" (*Lapis Enters. v*

*International Blimpie Corp.*, 84 AD2d 286, 291 [1981], citing *Trustees of Union Coll. v Wheeler*, 61 NY 88 [1874]). After assignment, a note remains subject to any defense, legal and equitable, that existed between the original parties (*see Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 586 [1981]; *TPZ Corp. v Dabbs*, 25 AD3d 787, 789 [2006]; *Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608, 609 [2003]; *Losner v Cashline, L.P.*, 303 AD2d 647, 648 [2003]; *State St. Bank & Trust Co. v Boayke*, 249 AD2d 535 [1998]). Thus, although Stefanos's personal bankruptcy did not "extinguish" the note for every purpose, he maintains the right to assert, as a defense, his personal discharge in bankruptcy to the extent the note was to be enforced against him in personam. By amending the complaint to limit the relief sought against Stefanos, Deutsche Bank essentially recognized the defendants' affirmative defense, such that, upon proof of a valid discharge in bankruptcy, Deutsche Bank would not seek a deficiency judgment against Stefanos.

Accordingly, the order entered May 10, 2013 is affirmed insofar as appealed from.

DILLON, J.P., HALL and HINDS-RADIX, JJ., concur.

Ordered that the order entered May 10, 2013 is affirmed insofar as appealed from, with costs.