Matter of Violet Realty, Inc. v County of Erie (2018 NY Slip Op 01006)





Matter of Violet Realty, Inc. v County of Erie


2018 NY Slip Op 01006


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


1095 CA 17-00527

[*1]IN THE MATTER OF VIOLET REALTY, INC., DOING BUSINESS AS MAIN PLACE LIBERTY GROUP, PETITIONER-PLAINTIFF-APPELLANT,
v
COUNTY OF ERIE, MARK C. POLONCARZ, JOHN LOFFREDO, RESPONDENTS-DEFENDANTS-RESPONDENTS, ET AL., RESPONDENTS-DEFENDANTS. 






THE KNOER GROUP, PLLC, BUFFALO (ROBERT E. KNOER OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT. 
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.


 Appeal from an order and judgment (denominated order) of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered December 20, 2016 in a CPLR article 78 proceeding and declaratory judgment action. The order and judgment, inter alia, granted the pre-answer motion of respondents-defendants-respondents to dismiss the petition-complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: This litigation arises from an urban renewal project that began in 1965 in respondent-defendant City of Buffalo (City). At that time, the City, Erie County Savings Bank (Bank), and the Central Buffalo Project Corporation (Developer) entered into an agreement to redevelop a portion of downtown Buffalo. The project included the construction of several buildings, a parking garage, and, as relevant to this appeal, a tunnel that would extend from a street, continue under one of the other buildings that was to be constructed, and connect to the garage, using an easement created as part of the project. The parties agree that, pursuant to the documents that govern the project, the City owns the fee title to the parking garage and possesses the current right to operate the parking garage. In 1999, petitioner-plaintiff (plaintiff) duly exercised an option to acquire fee title to the parking garage, and the parties do not dispute that such title will vest in plaintiff in 2019. In 2016, officials of respondent-defendant County of Erie (County), apparently based on security concerns, blocked all public access to the tunnel.
Plaintiff, contending that it obtained an interest in the easement by a series of agreements and conveyances made in 1965, 1969, 1985 and 1995, commenced this litigation seeking, inter alia, relief pursuant to CPLR article 78 and a declaration of its rights in the easement, along with various forms of relief arising from those purported easement rights. Plaintiff appeals from an order and judgment that granted the pre-answer motion of the County and respondents-defendants Mark C. Poloncarz and John Loffredo (defendants) to dismiss the petition-complaint on the ground that plaintiff lacked standing, and dismissed the petition-complaint against all respondents-defendants. We affirm.
Where, as here, a defendant makes a pre-answer motion to dismiss based on lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60 [2d Dept 2015]; [*2]see e.g. Brown v State of New York, 144 AD3d 88, 92-93 [4th Dept 2016]; Credit Suisse Fin. Corp. v Reskakis, 139 AD3d 509, 510 [1st Dept 2016]). In order "[t]o defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams., 131 AD3d at 60; see Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 927 [2d Dept 2017]; see e.g. First Franklin Fin. Corp. v Norton, 132 AD3d 1423, 1424 [4th Dept 2015]).
The warranty deed dated April 4, 1968 from the Bank to the County expressly reserved to the Bank the easement at issue. In the 1968 deed reserving the easement, the Bank conveyed to the County "Lots Number 78 and 79" in the City, but excepted out therefrom a portion of Lot 78 and reserved the subject easement over a different portion of Lot 79, the fee title of which was conveyed to the County by that same instrument. Based upon the limited record submitted by the parties, this conveyance establishes that the parcel conveyed to the County became the servient estate burdened by the easement. Although the Bank and its successor, Empire of America Federal Savings Bank, were parties to various agreements and/or conveyances after 1968, the record does not reflect that the Bank made any subsequent conveyance of the easement at issue to any party to this litigation. Contrary to plaintiff's contention, the 1995 warranty deed from the Developer to plaintiff, under which plaintiff asserts an interest in the subject easement, does not convey the easement.
We conclude that this record does not contain any instrument of conveyance after 1968 in which the Bank transferred the easement. The parties failed to submit an abstract of title for the Bank's chain of title after 1968, and we are limited to the record prepared by the parties and presently before us.
Plaintiff contends in the alternative that its exercise of the option to acquire the parking garage from the City in 2019 confers standing. We reject that contention. The record submitted by the parties does not establish that the real property upon which the parking garage is situated is the dominant estate benefitted by the easement. Even assuming, arguendo, that an exercise of an option to acquire a parcel of real property in the future conferred standing to enforce an easement benefitting a parcel to be acquired, we conclude that on this record the present or future acquisition of the parking garage would not vest in plaintiff any interest in the subject easement.
We therefore conclude on this record that defendants met their burden on the motion by establishing that plaintiff has no interest in the easement and thus has no standing (see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991]). Inasmuch as "plaintiff's submissions [fail to] raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams., 131 AD3d at 60), Supreme Court properly granted the motion to dismiss.
We have considered plaintiff's remaining contentions and conclude that they provide no basis for reversal.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court