Deutsche Bank Natl. Trust Co. v Homar (2018 NY Slip Op 05017)





Deutsche Bank Natl. Trust Co. v Homar


2018 NY Slip Op 05017


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA SGROI
JOSEPH J. MALTESE, JJ.


2015-10092
2015-10093
 (Index No. 10115/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Andrew J. Homar, appellant, et al., defendants.


Joseph E. Ruyak III, Chester, NY, for appellant.
McGlinchey Stafford PLLC, New York, NY (Victor L. Matthews II of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Andrew J. Homar appeals from two orders of the Supreme Court, Orange County (Nicholas De Rosa, J.), both dated August 27, 2015. The first order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him and to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1. The second order, insofar as appealed from, denied that defendant's motion to impose sanctions pursuant to 22 NYCRR 130-1.1 and for an award of an attorney's fee pursuant to Real Property Law § 282.
ORDERED that the first order is affirmed; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2004, the defendant Andrew J. Homar (hereinafter the appellant) executed a note and mortgage in favor of Ameriquest Mortgage Company (hereinafter AMC) on property located on Purgatory Road in Goshen. In December 2013, the plaintiff, Deutsche Bank National Trust Company (hereinafter the plaintiff), commenced this action against the appellant, among others, seeking to foreclose the mortgage. On May 9, 2014, the appellant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground, inter alia, that the plaintiff lacked standing. The appellant also moved to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1 for commencing a frivolous foreclosure action.
On June 12, 2014, while the appellant's motion was pending, the plaintiff moved to discontinue the action without prejudice on the ground that the notice sent to the appellant pursuant to RPAPL 1304 was not filed with the New York State Department of Financial Services. The appellant opposed the motion, contending that the failure to file the RPAPL 1304 notice was not fatal to the complaint and is not a jurisdictional defect. The appellant's attorney stated in his affirmation [*2]that the appellant expressly waived any defense arising from the failure to file the RPAPL 1304 notice. The appellant also moved to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1 and for an award of an attorney's fee pursuant to Real Property Law § 282. In light of the appellant's waiver, the plaintiff agreed to withdraw the motion to discontinue the action.
In an order dated August 27, 2015, the Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him and to impose sanctions against the plaintiff. In a separate order, also dated August 27, 2015, the court granted the plaintiff's application to withdraw its motion to discontinue the action and denied the appellant's motion to impose sanctions and for an award of an attorney's fee on the ground that the plaintiff's motion to discontinue was made in good faith and its conduct was not frivolous. The appellant appeals from both orders.
The appellant's contention that he was entitled to summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's failure to establish that it had standing to commence this action is without merit. On a motion for summary judgment, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see Citicorp Mtge. v Adams, 153 AD3d 779, 780; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 585; U.S. Bank N.A. v Handler, 140 AD3d 948, 950). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 60; see Wells Fargo Bank, N.A. v Talley, 153 AD3d at 585). A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Here, since the plaintiff attached a copy of the note, which was endorsed to the plaintiff, to the summons and complaint at the time this action was commenced, the appellant failed to meet his burden of establishing, prima facie, the plaintiff's lack of standing as a matter of law (see US Bank N.A. v Cohen, 156 AD3d 844, 846-847).
The appellant's contention that the plaintiff failed to submit evidence establishing that he defaulted on the mortgage is also without merit. "On a summary judgment motion by a defendant, the defendant does not meet its initial burden by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its claim or defense" (Vumbico v Estate of Wiltse, 156 AD3d 939, 941).
The appellant failed to establish that the conduct of the plaintiff or its counsel was frivolous. Therefore, the Supreme Court providently exercised its discretion in denying those branches of the appellant's motions which were to impose sanctions pursuant to 22 NYCRR 130-1.1.
The appellant's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court