Cenlar FSB v Lanzbom (2019 NY Slip Op 00092)





Cenlar FSB v Lanzbom


2019 NY Slip Op 00092


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-06312
 (Index No. 33492/14)

[*1]Cenlar FSB, appellant, 
v
Cindy Lanzbom, respondent, et al., defendant.


Houser & Allison, APC, New York, NY (Jacqueline Aiello and Kathleen Massimo of counsel), for appellant.
The Schwartz Law Group, P.C., Bethpage, NY (Kenneth B. Schwartz of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to cancel and vacate a satisfaction of mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated April 20, 2016. The order granted that branch of the cross motion of the defendant Cindy Lanzbom which was for summary judgment dismissing the complaint insofar as asserted against her for lack of standing.
ORDERED that the order is reversed, on the law, with costs, that branch of the cross motion of the defendant Cindy Lanzbom which was for summary judgment dismissing the complaint insofar as asserted against her for lack of standing is denied, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.
In November 2002, Cindy Lanzbom (hereinafter the defendant) executed a note in the sum of $300,000 in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC), which was secured by a mortgage on certain property located in Pomona (hereinafter the first mortgage). In May 2004, the defendant executed a second note in the sum of $9,520 in favor of Fairmont Funding, Ltd., which was secured by a mortgage on the same property (hereinafter the second mortgage). The defendant also executed a consolidated note and a consolidation, extension, and modification agreement, creating a single lien in the sum of $305,000. On May 27, 2004, HSBC recorded a satisfaction of the first mortgage.
In July 2014, the plaintiff, the assignee of the first and second mortgages, commenced this action, inter alia, to cancel and vacate the satisfaction of mortgage. The defendant interposed an answer with various affirmative defenses, including the plaintiff's alleged lack of standing to commence this action. In January 2016, the plaintiff moved, inter alia, for summary judgment on the complaint and to strike the defendant's answer. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3025(b) for leave to amend her answer to add a statute of limitations defense, and for summary judgment dismissing the complaint insofar as asserted against her for lack of standing. In the order appealed from, the Supreme Court granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her for lack of standing. The court did not address those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the defendant's answer, or that branch of the defendant's cross motion which was pursuant to CPLR 3025(b) for leave to amend her answer to add a statute of limitations defense. The plaintiff appeals.
"On a motion for summary judgment, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied'" (Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 523, quoting Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see Citicorp Mtge. v Adams, 153 AD3d 779, 780). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 60; see Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d at 523). Here, the defendant merely pointed to alleged gaps in the plaintiff's case and failed to meet her burden of establishing, prima facie, the plaintiff's lack of standing as a matter of law (see Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d at 523-524).
The defendant's remaining contentions are without merit.
Accordingly, since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, that branch of her cross motion which was for summary judgment dismissing the complaint insofar as asserted against her for lack of standing should have been denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the Supreme Court's determination as to the plaintiff's lack of standing, the court did not consider the merits of those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the defendant's answer, or that branch of the defendant's cross motion which was pursuant to CPLR 3025(b) for leave to amend her answer to add a statute of limitations defense. Therefore, we remit the matter to the Supreme Court, Rockland County, for a determination of those branches of the plaintiff's motion and the defendant's cross motion on the merits (see Deutsche Bank Natl. Trust Co. v Martin, 134 AD3d 665, 665-666).
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court