JP Morgan Chase Bank, NA v Cantwell (2023 NY Slip Op 00210)

JP Morgan Chase Bank, NA v Cantwell

2023 NY Slip Op 00210

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-09917
 (Index No. 11968/08)

[*1]JP Morgan Chase Bank, NA, respondent,
v
Alexander Cantwell, et al., defendants, John Doe, etc., appellant.

Genevieve Lane Lopresti, Seaford, NY, for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Richard Cella, sued herein as John Doe, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 15, 2019. The order denied that defendant's motion, inter alia, pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute and pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action.
ORDERED that the order is affirmed, with costs.
On December 27, 2007, the defendant Alexander Cantwell executed a note in the sum of $337,500 in favor of the plaintiff, which was secured by a mortgage on certain real property located in Nassau County. In June 2008, the plaintiff commenced this action to foreclose the mortgage against, among others, Cantwell. On March 10, 2016, Cantwell transferred title to the subject property to the defendant Richard Cella, sued herein as John Doe. Cella was served with the summons and complaint on October 17, 2018. In February 2019, Cella moved, inter alia, pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute and pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action. In an order entered May 15, 2019, the Supreme Court denied the motion. Cella appeals.
Contrary to Cella's contention, the Supreme Court properly denied that branch of his motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute. "A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Bank of Am., N.A. v Ali, 202 AD3d 726, 727). The conditions precedent include that the court or party seeking dismissal for failure to prosecute have served a written demand upon the plaintiff to resume prosecution of the action and to file a note of issue within 90 days after receipt of the demand (see CPLR 3216[b][3]). Here, Cella does not dispute that the plaintiff was not sent a demand pursuant to CPLR 3216(b). Thus, the complaint could not be dismissed insfoar as asserted against Cella pursuant to CPLR 3216 for failure to prosecute.
Furthermore, the Supreme Court properly denied that branch of Cella's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action. In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the complaint must be accorded a liberal construction, the facts as alleged therein must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference" (Elow v Svenningsen, 58 AD3d 674, 674; see Leon v Martinez, 84 NY2d 83, 87-88). Here, Cella contends that the plaintiff failed to state a cause of action because Cantwell had filed for Chapter 7 bankruptcy and received a discharge. However, "'[a]lthough a bankruptcy discharge extinguishes one mode of enforcing a note—namely, an action against the debtor in personam, it leaves intact another—namely, an action against the debtor in rem'" (Citimortgage, Inc. v Chouen, 154 AD3d 914, 916, quoting Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 63). Thus, Cantwell's discharge in bankruptcy did not impair the plaintiff's ability to bring an action to foreclose the mortgage (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 56). Consequently, Cella was not entitled to dismissal of the complaint insofar as asserted against him for failure to state a cause of action due to Cantwell's discharge in bankruptcy.
Cella's remaining contentions are either not properly before this Court or without merit.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court