Board of Directors of Colonial Sq. Homeowners' Assn., Ltd. v Signorile (2023 NY Slip Op 04653)

Board of Directors of Colonial Sq. Homeowners' Assn., Ltd. v Signorile

2023 NY Slip Op 04653

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-06296
 (Index No. 100277/16)

[*1]Board of Directors of Colonial Square Homeowners' Association, Ltd., respondent, 
v
Diane J. Signorile, appellant.

Diane J. Signorile, Staten Island, NY, appellant pro se.
Richard A. Rosenzweig, Esq., P.C. (Fiore Law Firm, P.C., Staten Island, NY [Marguerite A. Fiore], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a lien, the defendant appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated April 22, 2020. The order granted the plaintiff's motion for an extension of time to conduct a foreclosure sale and denied the defendant's motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground of discharge in bankruptcy.
ORDERED that the order is affirmed, with costs.
In a judgment dated November 8, 2018, the Supreme Court ordered a referee to conduct a foreclosure sale of certain real property owned by the defendant. Approximately one week before the foreclosure sale was scheduled to occur, the defendant filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code. The United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court) granted the defendant a discharge (see 11 USC § 727) and issued a final decree, determining that the defendant's estate "ha[d] been fully administered" and closing the bankruptcy case.
Thereafter, the plaintiff moved for an extension of time to conduct the foreclosure sale. The defendant moved, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground of discharge in bankruptcy. The Supreme Court granted the plaintiff's motion and denied the defendant's motion. The defendant appeals.
A party may move for judgment dismissing one or more causes of action on the ground that the cause of action may not be maintained because of discharge in bankruptcy (see id.). Here, the defendant waived this defense by failing to timely raise it (see id. § 3211[e]). In any event, "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy" (Johnson v Home State Bank, 501 US 78, 83; see 11 USC § 522[c][2]; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 63). Thus, the defendant's motion to dismiss was properly denied.
Furthermore, while RPAPL 1351(1) provides, in relevant part, that a judgment of sale "shall direct that the mortgaged premises . . . be sold . . . within ninety days of the date of the judgment," "the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown" (CPLR 2004). Here, the defendant's bankruptcy petition effected an automatic stay of this foreclosure action until the issuance of the Bankruptcy Court's order granting the defendant's discharge (see 11 USC § 362[a][1]; [c][2]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963-964, affd 34 NY3d 250), which constituted good cause to extend the time to conduct the foreclosure sale. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for an extension of time to conduct the foreclosure sale.
The defendant's remaining contentions are either not properly before this Court or without merit.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court